Watkins *et al. v.* Winings.

No. 11,897.

WATKINS ET AL. *v.* WININGS.

TITLE TO REAL ESTATE.—*Evidence.*—*Color of Title.*—A party in possession
has a right to give in evidence a sheriff's deed although the decree on
which it is founded may not be valid, for a void deed may give color of
title.

TAXES.—*Void Sale.*—*Transfer of Lien.*—A purchaser at a tax sale may ac-
quire a lien although the sale is void.

SAME.—*Subrogation.*—Where a sale made on a decree foreclosing a lien for
taxes is void, the purchaser at such sale will be subrogated to the rights
of the lien-holders.

QUIETING TITLE.—*Effect of Decree.*—*Evidence.*—A decree quieting title cuts
off all liens not protected by proper provisions in the decree, and in order
to prevent this result a defendant in a suit to quiet title has a right to
prove the character of a lien held by him.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellants.

ELLIOTT, J.—This is an action to recover possession of
land and to quiet title, instituted by the appellee.    The facts
are substantially these: In 1867 the firm of Forkner & Win-
ings, composed of Micajah Forkner and Samuel Winings, be-
came the owners of the lot in controversy; in 1871 Robert
and Franklin Newcom obtained judgment against Micajah
Forkner on a note executed by him, for one hundred and
sixty-five dollars; on this judgment Forkner's interest was
sold on the 28th day of May, 1881, and bought by the ap-
pellee, and in September, 1882, she obtained a quitclaim deed
from the heirs of Joseph Winings, deceased; Joseph Winings
obtained title to the lot from Samuel Winings in 1874; taxes
accumulated upon the lot, and on the 10th day of February,
1875, it was sold to Wilson Winings, who received a deed
from the auditor in February, 1877.    The appellants are the
heirs of John J. Watkins, who purchased at a sale made upon
a decree obtained by Wilson Winings decreeing a lien in his
favor for taxes paid by him.

The appellants offered in evidence the papers and record in

a suit brought by Wilson Winings against Benjamin F. Wisehart, and offered also the deed executed by the sheriff upon the decree. We have not been favored with any brief from the appellee, and our unaided investigation has not enabled us to find any ground upon which this ruling can be sustained.

The appellants had a right to show the title by which they were in possession. The right to show title is one thing, and the effect of the title shown quite another. Color of title may arise from a void deed, yet it will protect the party in possession under it from being treated as a mere trespasser. The appellants ought to have been permitted to give their deed from the sheriff in evidence, and, as showing its foundation, the record of the suit in which was rendered the decree upon which the sale was made. It is true that the judgment did not bind the appellee, for neither she nor her grantors were parties to the action; but, while this is true, it is also true that the sheriff's deed gave color of title and conferred the right to prove the foundation upon which it rested. But there is still another, and, perhaps, stronger reason why the evidence should have been admitted. The sale for taxes, although void, conferred color of title and gave Wilson Winings a lien, for it is well settled that the lien remains although the sale is absolutely void. *Rowe* v. *Peabody, ante,* p. 198. The lien for taxes existed against the land, and, although the sale on the decree rendered against Wisehart was ineffectual to convey title, yet Watkins obtained the lien of the execution plaintiff, Wilson Winings. It is a just principle, and a familiar one, that a purchaser at an invalid sheriff's sale will be subrogated to the rights of the execution plaintiff, and will succeed to the lien which the decree attempted to enforce. *Bodkin* v. *Merit, ante,* p. 293; *Short* v. *Sears,* 93 Ind. 505; *Hines* v. *Dresher,* 93 Ind. 551; *Carver* v. *Howard,* 92 Ind. 173; *Jones* v. *French,* 92 Ind. 138, and authorities cited.

It would be unjust to permit the appellee to secure immunity for her land upon the ground assumed in the ruling of

the trial court, for her land is liable for the taxes, and ought to pay them, and they ought to be paid to the purchaser who bought at the sheriff's sale, believing he was getting a good title.   If her decree quieting title is good it cuts off the lien, for a decree quieting title destroys all liens and claims not protected by proper provisions, and this is a result the appellants had a right to prevent by showing the nature of their title and interest in the land.

