## THOMAS v. THOMPSON.

[No. 18,361.    Filed February 2, 1898.]

FORMER ADJUDICATION.—*Judgment.—Collateral Attack.—Estoppel.*—
A devisee of real estate, who, after obtaining a decree partitioning
and quieting title thereto, is made defendant in an action brought by
the administrator of the devisor to sell such real estate for the pay-
ment of debts and the widow's claims, to which proceedings she
pleaded the former suit and was defeated and abided the judgment
of the court without appeal, is estopped from attacking in a collat-
eral proceeding against the purchaser, the order of sale made therein.

From the Grant Circuit Court.    *Affirmed.*

*Steele & Baker, Brownlee & Baker* and *G. W. Gib-
son,* for appellant.

*G. A. Henry* and *P. H. Elliott,* for appellee.

JORDAN, J.—Action in ejectment by appellant to re-
cover possession of certain real estate, of which she
claimed to be the owner and entitled to possession.
There was a judgment in favor of appellee, from which
this appeal is prosecuted.    Both parties claim title to
the land in dispute through one William Weaver, ap-
pellant, as a legatee under his will; and appellee, by
purchase at a sale made by the administrator of the
estate of said Weaver.    The following appear to be
the material facts established by the evidence:    By
the last will of said William Weaver, all of his prop-
erty, after the payment of his debts, was devised to
the appellant and one Tabitha Weaver, both of whom
were the granddaughters of the testator.    The will
was probated in the Grant Circuit Court in 1879.    The
testator left surviving him a widow, but made no pro-
visions for her in his will.    Subsequently, in 1894,
Tabitha Weaver, one of the legatees, having died, leav-
ing heirs, appellant instituted an action in the Grant
Circuit Court against these heirs and Matilda Weaver,

widow of the testator, for partition of the real estate claimed by her under the will, and to quiet her title thereto. Such proceedings were had in this action as resulted in the appellant's undivided moiety in the land being partitioned, and in a decree quieting her title to it. After the partition was made, John H. Weaver was, in 1894, by the Grant Circuit Court, appointed, and qualified as administrator of the estate of William Weaver, deceased, with the will annexed; and thereupon, as such administrator, he filed his petition in that court to secure an order for the sale of the land in controversy, along with other lands, for the payment of costs and other expenses of the estate, and also for the payment of the $500.00 allowed under the statutes to the widow, Matilda Weaver. Appellant and all others claiming an interest in the real estate were made defendants by the administrator to this petition. Appellant appeared to the action, filed an answer in denial, and also set up affirmative matter, and resisted the administrator in his efforts to obtain an order for the sale of the land, for the purpose, as averred, of making assets thereof to pay said claims. A trial resulted in the court granting the prayer of the administrator, and the land was ordered to be sold; and with this order the administrator complied and sold it to the appellee, pursuant to the court's order. The sale was reported to the court, and duly confirmed, deed of conveyance ordered and executed.

Counsel for appellant seem to base the right of their client to recover in this cause, on the ground that the judgment of the court quieting her title to the land in the partition proceedings gave her a good and sufficient title to the same; that the appointment of an administrator, and the proceedings to sell the land by him, after the judgment in the partition suit had been

rendered, were invalid, for the reason that more than fifteen years had passed since the death of the testator before the appointment of the administrator was made, and the action to sell the realty was instituted. Consequently, they insist that the application for letters of administration, and likewise the proceeding to sell the land, were barred by the statute of limitation, and also the claim of the widow for the $500.00, and therefore the appellant is not bound by the order of sale.   Counsel for the appellee contend that the judgment of the court authorizing the sale of the land in dispute to pay the claims of the estate of William Weaver, to which appellant was a party, conclusively estops and bars her from asserting, as against the appellee, who purchased thereunder, any title to said realty.

It appears from an inspection of the pleadings filed in the action instituted by the administrator to sell the premises, that under the petition of the latter, and answer of appellant therein, the former proceedings in the partition suit, and also the validity of the widow's demand of $500.00 were expressly put in issue. Appellant, however, was not successful in defeating the action; and the court seemingly decided all of the issues against her, by awarding the order for the sale of the land.   The petition of the administrator apparently proceeded upon the theory that the real estate sought to be sold still belonged to the estate of William Weaver, at least, so far as it was required to pay the claims and expenses therein mentioned, notwithstanding the fact that it had been devised to the appellant, and also assigned to her in the action for partition.   This issue the petition tendered, and upon this issue the court decided in favor of the administrator.   There is no question as to the jurisdiction of the court, in the proceedings to sell the land, over both

the subject-matter and the appellant as a party thereto. She having been content to abide by the judgment rendered therein, is not now in a position to assail it as erroneous; for it must be conceded, if the court had the power to decide at all, it was consequently vested with the power to decide wrong as well as right. This principle is settled by many decisions of this court. The judgment in the partition suit by which her title was quieted, as stated, can in no sense be available to support her claim that she has a better title than has appellee. The court, by the order subsequently made, authorizing the land to be sold by the administrator as the property of William Weaver, deceased, to discharge the claims against his estate, must be deemed to have considered the former judgment as no bar to its order. The rule asserted is that the last judgment is always conclusive that no cause existed why it should not be rendered. Van Fleet's Collateral Attack, section 862. That the order of sale through which appellee claims to own the realty in controversy, under the circumstances, is not open to a collateral attack, and conclusively estops and precludes appellant in this action, is a proposition firmly settled. *Lantz* v. *Maffett*, 102 Ind. 23; *Craighead* v. *Dalton*, 105 Ind. 72; *Marquis* v. *Davis*, 113 Ind. 219; *Spaulding* v. *Baldwin*, 31 Ind. 376; *Dowell* v. *Lahr*, 97 Ind. 146; *Boyer* v. *Robertson*, *ante*, 74; Black on Judgments, section 246.

Judgment affirmed.