## LEWIS, ADMINISTRATOR, *v.* WATKINS.

[No. 18,318.   Filed March 18, 1898.]

DESCENT AND DISTRIBUTION.—*Widow's Share in Real Estate.—Mortgage.*—Where a widow's interest in the real estate of her deceased husband is sold and conveyed to pay her husband's debts secured by a mortgage thereon, she is entitled, as against creditors, to be reimbursed for the full value of her share therein out of the personal assets of the estate.

From the Hendricks Circuit Court.   *Affirmed.*

*Johnston & Johnston, R. W. Harrison, F. E. Gavin, C. F. Coffin* and *T. P. Davis,* for appellant.

*G. W. Paul* and *H. D. Van Cleave,* for appellee.

MONKS, J.—Russell B. Watkins died in December, 1894, in Montgomery county, Indiana, leaving appellee, Caroline Watkins, his widow, and two daughters surviving him. Daniel Lewis was appointed administrator of his estate, and filed in the Montgomery Circuit Court a petition to sell two hundred acres of real estate, which the petition alleged was all the real estate owned by said decedent at the time of his death. The widow and children were made defendants to said petition, to which the widow, Caroline Watkins, filed an answer. The widow also filed a cross-complaint in which she alleged that she was the owner in fee simple of one hundred acres of said real estate,

and asking that her title thereto be quieted, etc.    The court made a special finding of facts, and stated conclusions of law thereon.    The court found that said two tracts of real estate were incumbered by mortgages in the execution of which the widow, Caroline Watkins, had joined with the deceased, her husband.

The court stated as a conclusion of law, in substance, that Caroline Watkins was the owner in fee simple of the one hundred acres of land described in her cross-complaint, as against the heirs of said decedent, but as against the creditors of the decedent she was estopped from setting up any claim or right to the same, and that the whole two hundred acres described in the petition, except the interest therein which said Caroline Watkins inherited under the law as widow of said deceased, was liable and subject to sale to pay the indebtedness of said deceased.    The court rendered judgment upon said special finding that the deceased at the time of his death owned one hundred acres of said real estate, as described in the pleadings, and that the widow, Caroline Watkins, was the owner of the undivided one-third thereof; and that said Caroline Watkins was the owner in fee simple of the other one hundred acres described in her cross-complaint, subject to certain liabilities set forth in the judgment, and, subject only to these provisions, that the title of said Caroline Watkins be quieted in her as to all parties to said suit, and all persons who may claim under, by, or through them.    The court entered an order for the sale of the said first mentioned one hundred acres, and that all the debts and expenses of administration that may remain unpaid after the application of the personal estate of $1,150.00 be paid out of the proceeds of such sale, and the remainder, if any, be paid over to said Caroline Watkins as her absolute property.    No order was entered for the sale of

the one hundred acres the title to which was quieted in said widow.

The one hundred acres ordered sold, was sold by the administrator for cash, and the sale reported and the deed made to the purchaser. Out of the proceeds of said sale the administrator of said estate paid the two mortgages in the execution of which said widow had joined. Afterwards appellee, the widow, brought this proceeding against appellant, the administrator of said estate, in the Montgomery Circuit Court, and asked that said administrator be ordered to pay her one-third of the gross proceeds of the sale of said real estate. Appellant's demurrer to the petition for want of facts was overruled. An answer in several paragraphs was filed by the appellant, to which appellee filed a reply. On the trial of said cause the court found for appellee, and ordered that appellant pay to appellee, out of the funds of said estate in his hands, the one-third of the gross proceeds received for said one hundred acres of real estate, of which said appellee was the owner of the undivided one-third.

It is settled law in this State that the interest a widow inherits in the real estate of which her husband dies seized, as against creditors, is free from all demands of such creditors, and that an order of court to sell such interest to pay the debts of the estate, unless secured by a mortgage or other lien on said real estate which binds her interest therein, and the sale thereof, are absolute nullities, and if such interest is sold the purchaser takes no title thereto. *Wendell* v. *Trotter*, 127 Ind. 332; *Roberts* v. *Lindley*, 121 Ind. 56; *Hutchinson* v. *Lemcke*, 107 Ind. 121; *Pepper* v. *Zahnsinger*, 94 Ind. 88; *Matthews* v. *Pate*, 93 Ind. 443; *Compton* v. *Pruitt*, 88 Ind. 171; *Armstrong* v. *Cavitt*, 78 Ind. 476; *Unfried* v. *Heberer*, 63 Ind. 67; *Elliott* v.

*Frakes*, 71 Ind. 412; *Hanlon* v. *Waterbury*, 31 Ind. 168; sections 224, 225, 227, 228, Henry's Probate Law.

If, however, the widow consents to such sale by the administrator under order of the court, and afterwards receives her share of the purchase money, she would be estopped from disputing the validity of the sale. *Pepper* v. *Zahnsinger, supra; Smock* v. *Reichwine,* 117 Ind. 194.

There are only two cases in which the court having probate jurisdiction has the power to order the sale of the whole real estate of a decedent, including the widow's interest, on a petition of the executor or administrator to sell the decedent's real estate to pay the debts of the estate, and these are provided for by sections 2503, 2504, Burns' R. S. 1894 (2348, 2349, Horner's R. S. 1897). Section 2503 (2348), *supra,* provides that when it is reported by the commissioners appointed to make partition that the widow's interest cannot be set off to her in severalty without damage to the owners, then the court may direct the whole of the real estate, including the widow's interest, to be sold by the executor or administrator, and the full share of the widow in the gross proceeds of the sale paid to her on confirmation of the sale. Under section 2504 (2349), *supra,* if the interest of the widow in the real estate of the decedent be liable to sale to satisfy a lien on such real estate, the court has the power in proceedings for the sale of real estate for the payment of debts, to direct the sale of the whole thereof, including the widow's interest, to discharge such lien, and to order the payment to the widow of her share or such part of her share of the gross proceeds of the sale as shall remain after satisfying such lien.

Under each of these sections the widow's interest may be sold by order of court whether she consent

or not; but when the same is sold under the provisions of section 2503 (2348), *supra,* her full share out of the gross proceeds must be paid to her, and when the same is sold under section 2504 (2349), *supra,* her full share of the gross proceeds must be paid to her if so much remains after satisfying the liens; if not, then what remains after satisfying the same must be paid to her. But in either case such share is no more liable for the payment of the debts of the deceased, except the liens, when sold under section 2504 (2349), *supra,* than was the land out of which the same was derived. All the rules stated in regard to the absence of power in the court to order the sale of the widow's interest in her deceased husband's lands apply with equal force to the power of the court to dispose of her share of the proceeds after the sale is made under sections 2503, 2504 (2348, 2349), *supra.* When the sale is made under section 2504 (2349), *supra,* and the liens which bind her interest are satisfied, she is entitled to her share of the gross proceeds of the sale, if so much remains, and if not, then she is entitled to all that remains, and any order of the court directing a contrary disposition of her share of the proceeds is void.

In this case it was the duty of the administrator to pay out of the $1,150.00 personal property in his hands enough of the liens on the hundred acres of land sold so that the widow's share of the gross proceeds of the sale would remain after the satisfaction of said liens, to be paid to her. *Shobe* v. *Brinson,* 148 Ind. 285. And, under the rule in this State, the order of the court that any part of appellee's share of the gross proceeds of the sale of said hundred acres of land be applied to the payment of any debts or cost of said estate, except the satisfaction of the two mortgages thereon, was void, and not binding on any one. The only jurisdiction given the court was to order the sale of the

land, including the widow's interest, and that the liens binding her interest be paid, and the remainder was beyond the court's jurisdiction to dispose of except to order it paid to her. Any other order was void.

It is urged that the complaint does not show that the appellee's interest, as widow, in said one hundred acres was sold by the administrator, and that, if it was not sold, she is not entitled to any part of the proceeds of said sale. The complaint sets up facts showing that the court was authorized by section 2504 (2349), *supra*, to sell one hundred acres of land, including the widow's interest therein, to pay mortgage liens thereon in the execution of which appellee had joined. We think it sufficiently appears that said real estate, including appellee's interest as widow in said real estate, was sold. The case of *Compton* v. *Pruitt*, 88 Ind. 171, cited by appellant, is not, therefore in point. What we have said disposes of the errors assigned. Finding no available error in the record, the judgment is affirmed.