Denton v. Arnold.

DENTON v. ARNOLD.

[No. 18,553. Filed October 4, 1898.]

DECEDENTS' ESTATES.—*Sale of Real Estate for Payment of Debts.*— *Collateral Attack.*—A proceeding in the proper court by an administrator to sell the lands of his decedent for the payment of debts against the estate stands upon the same ground as an ordinary judicial proceeding in a court of superior jurisdiction, and where the court is invested with jurisdiction over the subject-matter and the parties to such an action its order or judgment therein will be protected against a collateral attack, however erroneous such judgment or order may be, and such order or judgment must stand until set aside in a direct proceeding instituted for that purpose. *p. 191.*

SAME.—*Sale of Real Estate.—Notice.*—Where it is shown in an action by a widow to obtain possession of her one-third interest in the lands of her husband which had been sold by the administrator for the payment of debts of decedent that due notice was given such widow of the pendency of such proceedings, and that the court assumed jurisdiction thereof and ordered the sale of the land, such action of the court amounted to an adjudication upon the question of notice. *p. 193.*

SAME.—*Sale of Real Estate.—Widow's Interest.—Payment of Claims Other Than Liens*—A widow cannot question the validity of an order of court granting the sale of her interest in her deceased husband's real estate for the payment of debts, in a collateral proceeding, on the ground that the administrator in his petition for the sale thereof included claims which were not liens thereon, and applied a portion of the purchase-money thereof to the payment of such claims. *pp. 193-196.*

From the Harrison Circuit Court. *Affirmed.*

*Benjamin P. Douglass, John V. Denton* and *Tracewell & Mitchell*, for appellant.

*William Ridley*, for appellee.

JORDAN, J.—The appellant instituted this action, whereby she sought, under the first paragraph of her

complaint, to recover possession of twenty-five acres of land therein described, situated in Harrison county, Indiana, and by the second paragraph to quiet title to the same premises.

An answer in three paragraphs was filed by the appellee. The facts alleged in the first may be summarized as follows: Appellant is the widow of Joseph Denton, who died some time in the year 1876, the owner of the real estate in suit. In 1878 one William H. Hudson was, by the Harrison Circuit Court, appointed administrator *de bonis non* of the estate of the said Joseph Denton. There being debts existing against said estate, it became necessary, in the course of the administration thereof, to sell the real estate of said decedent to pay such debts and liabilities. Two-thirds of the land of which the decedent died seized, appear, in the first instance, to have been sold by the administrator, by order of the court, for the purpose of paying and discharging the debts and claims against the estate, and the real estate now in controversy was ordered by the court, in partition proceedings, to be set off to appellant as her interest in the lands of her deceased husband. At the death of the decedent, and at the time the particular tract of land now in dispute was set off to appellant, there existed against it a mortgage lien for $500, as unpaid purchase-money therefor, in favor of one Murr, guardian, etc., and also a lien for unpaid taxes, and an additional lien of an indemnity mortgage for $200, held by one Samuel Ramsey.

It is shown by the averments of the answer that the two-thirds of the real estate originally sold by the administrator, proved to be insufficient to pay off and satisfy the claims and liabilities existing against the estate; and that consequently, Hudson, as administrator, at the May term, 1883, of the Har-

rison Circuit Court, filed his petition therein, praying for an order of said court authorizing him to sell the real estate now in controversy, for the purpose of paying and discharging said purchase mortgage lien and also the lien of the indemnifying mortgage, together with taxes alleged to have been due thereon.

Appellant was made a party to the said petition and proceedings to sell said real estate, and was duly notified of the pendency of the said petition. At said term of court, on June 13, 1883, the administrator obtained an order of the court, authorizing him to sell said tract of land as prayed for, for the purpose of paying and discharging said purchase mortgage lien, together with the liens averred to have existed against it by virtue of said indemnity mortgage and delinquent taxes; and in pursuance of said order of court, and in compliance therewith, after giving the notice required by law, the administrator, on July 18, 1883, sold the real estate at public sale, to the appellee, William J. Arnold, for $632, which amount was more than two-thirds of the appraised value thereof. This sale was duly reported to the court by the administrator, and by the court approved and confirmed, and, appellee having paid in full the purchase price, the administrator, on March 1, 1886, by order of the court, executed to him a deed for said real estate, which conveyance was by the court approved and confirmed; and appellee took possession of the land under his said purchase, and has ever since held possession thereof. The second paragraph of the answer alleges substantially the same facts as were set out in the first, being more particular and specific, perhaps, in the averment of the facts than is the first. Appellee subsequently filed a third additional paragraph of answer, but to this latter paragraph no demurrer appears to have been filed.

Denton *v.* Arnold.

The first and second paragraphs of the answer were each, upon demurrer, held sufficient as a defense to the action, and these rulings of the court are assigned as errors.

The debatable or controlling question between the parties to this appeal relates to the sufficiency of the facts as disclosed by the answer to repel the collateral attack which the answer exposes that the appellant is seeking to make against the order of the Harrison Circuit Court, made in the proceedings under which the land in controversy was sold and conveyed to the appellee by Hudson as administrator of Joseph Denton, the deceased husband of appellant, to satisfy the lien of the purchase-money mortgage. It is settled by the authorities that a proceeding in the proper court, by an administrator, to sell the land of his decedent, for the payment of debts and claims existing against the estate, stands upon the same ground as does an ordinary judicial proceeding in a court of superior jurisdiction, and, when the court is invested with jurisdiction over the subject-matter and the parties to such an action, its order or judgment therein will be protected against a collateral attack, however erroneous such judgment or order may be, and such order or judgment must stand and prevail against the parties thereto, until set aside in a direct proceeding instituted for that purpose. *Gavin* v. *Graydon*, 41 Ind. 559; *Walker* v. *Hill*, 111 Ind. 223; *Thomas* v. *Thompson*, 149 Ind. 391; *First Nat'l Bank* v. *Hanna, Admr.*, 12 Ind. App. 240, and cases there cited; *Bailey* v. *Rinker*, 146 Ind. 129; 1 Thornton & Blackledge on Admr. and Set. Dec. Estates, p. 325, and cases there cited.

It is insisted by counsel for appellant that the court was not invested with power to order the sale of the land, which appellant had acquired as the widow of

the decedent, for the payment of debts existing against the estate.  As a general proposition this is correct, but, that proposition, is not the one which the facts, as averred in the answer, present for our consideration.  It appears that the land in controversy was owned and held by the appellant's husband at the time of his death, encumbered with and subject to a mortgage lien for unpaid purchase-money to the amount of $500.  It is also shown that the land was still subject to said lien after the death of the decedent, when it was set off to appellant as her interest in his real estate.  Two-thirds of the decedent's lands seem to have been previously sold by the administrator, upon the order of the court, for the payment of debts and liabilities of the estate, and the proceeds arising out of such sale, as it is averred, were not sufficient to pay and satisfy the debts and liabilities.  The reason why the taxes, the purchase-money mortgage, and the indemnity mortgage, were not paid and satisfied out of the proceeds of the sale of the two-thirds of the decedent's lands, is not disclosed by the answer.  It must be conceded as true that it was the duty of the administrator to have applied the money in his hands, belonging to the estate, not required to pay other claims or demands expressly preferred by law, to the payment of liens upon the real estate of the decedent in order to fully secure to the appellant, as widow, her interest in the lands of her husband.  *Sparrow* v. *Kelso*, 92 Ind. 514; *Matthews* v. *Pate*, 93 Ind. 443; *La Plante* v. *Convery*, 98 Ind. 499; *Bowen* v. *Lingle*, 119 Ind. 560; *Shobe* v. *Brinson*, 148 Ind. 285.  This question, however, is not one with which we have to deal in the decision of the question involved in this appeal, and as between the parties to this action, under the facts, that question must be

Denton *v.* Arnold.

deemed to be closed by the order of the court authorizing the sale of the premises in dispute.

Counsel for appellant urge that the answer is not sufficient, for the reason that it does not disclose that the appellant was notified of the pendency of the petition to sell the real estate in the particular manner prescribed by the statute. It is alleged in the answer, however, that she was a party to the proceedings and that due notice was given to her of the pendency of said proceedings; and it further appears that the court assumed jurisdiction in the action, and ordered the sale of the land. This was an adjudication by the court upon the question of notice, and we must presume that the court did its duty, and found before it rendered its judgment, that appellant, as a party to the petition, had been duly notified thereof as required by law. *First Nat'l Bank* v. *Hanna, Admr., supra; Jackson* v. *State, ex rel.,* 104 Ind. 516; *Forsyth* v. *Wilcox,* 143 Ind. 144.

That appellant's interest, as widow, in the real estate of her deceased husband, was subject to a lien for unpaid purchase-money in favor of the mortgagee, or persons claiming under him, although she did not unite in such mortgage, is settled beyond controversy. *Nutter* v. *Fouch,* 86 Ind. 451; *Keith* v. *Hudson,* 74 Ind. 333; *Fowler* v. *Maus,* 141 Ind. 47 and cases cited on p. 51 of the opinion; *Butler* v. *Thornburgh,* 141 Ind. 152. In fact, section 31 of our statutes of descent, (section 2656, Burns' R. S. 1894) provides that a widow shall not be entitled, as against a mortgage for purchase-money, to her one-third interest in the mortgaged premises. Section 2504, Burns' R. S. 1894 (2349, R. S. 1881), empowers the court to order the sale of the interest of the decedent's widow in his real estate when it is liable to sale to satisfy a lien thereon, for the pur-

VOL. 151—13

pose of discharging such lien, and to order the payment to her of the gross proceeds of such sale, after satisfying such lien. *Lewis* v. *Watkins,* 150 Ind. 108.

We have seen that appellant's interest in the land in question was liable to the payment of the purchase-money mortgage, consequently, the court, upon the petition of the administrator, was fully empowered, under the statute, to order the sale of the land in question for the satisfaction of such lien. The fact that the administrator may have set up in his petition, in addition to the claim of the purchase-money mortgage lien, the alleged claims for delinquent taxes and the indemnity mortgage held by Ramsey, which the facts do not fully disclose to have been liens for the payment of which appellant's interest, as widow, was liable, and prayed also that the land be sold in satisfaction of these claims, would not enable her, in this action, to question the validity of the court's order as an entirety, and it would, at least, be binding upon her in this case so far as it directed and effected the sale of the land in satisfaction of the purchase-money lien. If the administrator sought to apply, or applied any part of the proceeds arising out of the sale of the land in payment of claims or demands for which it was not liable, the law afforded to appellant the proper remedy. The real estate in dispute appears to have been the particular tract of the decedent's land that was encumbered by the purchase-money mortgage at the time of his death.

This lien, it is alleged, still existed against the land when it was set off to appellant. The law made it the duty of the administrator, in the course of the administration of the estate, to pay off and satisfy this mortgage; and, it becoming necessary, as we must presume, under the facts, to subject this land to a sale to satisfy the lien in question, it was still liable to be sold by the

Denton *v.* Arnold.

administrator upon the order of the court for that purpose. In contemplation of law, so far as it was rendered necessary to subject this real estate to the payment of this purchase-money lien, it still belonged to the estate of the decedent, although it had been set off to appellant as her interest in his lands, and the petition of Hudson to sell it, as administrator, it would appear, proceeded upon this theory. We must presume, under the averments of the answer, that this issue was tendered to appellant by the petition of the administrator to sell the real estate, and this issue, by its order and judgment, the court seems to have decided against her. The latter being a party to the petition and to the issues tendered thereby, and the court having plenary jurisdiction over her person and the subject-matter involved, she is not now in a position to collaterally assail the order of the court directing the sale of the land for the payment of the lien in controversy. *Lantz* v. *Maffett*, 102 Ind. 23; *Thomas* v. *Thompson, supra.*

The facts set up in the second paragraph of the answer being sufficient to repel appellant's collateral attack, we do not consider or determine the question relative to the five years' statute of limitations, which such facts incidentally disclose, and which question counsel have discussed in their respective briefs. The paragraphs of the answer in question were substantially sufficient, and the demurrer thereto was properly overruled.

Appellant replied to the answer in two paragraphs, each of which the court held insufficient upon demurrer. In the first paragraph of her reply, she gave the history of the administration of her husband's estate. She admitted therein the sale of the two-thirds of his real estate for the payment of claims and debts against the estate, and that the adminis-

trator instituted the proceedings to sell the real
estate in dispute, and made her defendant to said
proceedings, as alleged in the answer, but she avers
that she had no notice of the pendency of said peti-
tion.   It is also alleged that the proceedings of the
sale of the two-thirds of the real estate sold by the
administrator in the first instance, together with the
personal property, were sufficient to have paid and
discharged the lien of the purchase-money mortgage.
It was not sufficient to avoid the defense which the
answer interposed to this action for appellant, in her
reply, to allege that she was not notified of the fact
of the pendency of the proceedings to sell.

To overcome the presumption of jurisdiction of the
court, over the person of appellant, she was required
to allege what was shown by the record in such pro-
ceedings, in respect to the service of process upon her.
*First Nat'l Bank* v. *Hanna, Admr., supra,* and cases
there cited; *Bailey* v. *Rinker, supra.*

While there are matters alleged in each of the
paragraphs of the reply that might have been inter-
posed by appellant as a defense of the administra-
tor's petition to sell the real estate here involved,
still such matters are not now available to her in this
action.   The facts alleged in the second paragraph
of the reply are similar in some respects and of like
character as were those averred in the first, and this
paragraph is equally as deficient as is the first, and
the demurrer to each of the paragraphs of the reply
was properly sustained.   There is no error, and the
judgment is therefore affirmed.