Watkins v. Lewis, Adm.

WATKINS v. LEWIS, ADMINISTRATOR.

[No. 19,007.    Filed Nov. 2, 1899.    Rehearing denied Dec. 20, 1899.]

DECEDENTS' ESTATES.—*Sales of Real Estate.*—*Widow's Rights.*—
*Pleading.*—An administrator filed a petition to sell decedent's real
estate for the payment of debts. The widow filed answer and
cross-complaint alleging that 100 acres of the land had been devised
to her by her father, and that it had been conveyed through a
trustee to her husband, and she asked that said deeds be set aside
and the title to such real estate quieted in her, to which the admin-
istrator filed a general denial. The court decreed that the portion
of the real estate which was not claimed by the widow be sold for
the payment of the debts, and if the proceeds thereof should not be
sufficient to pay all of the debts then the 100 acres devised to her
should be sold to pay same. *Held*, that under the provisions of
§1067 Burns 1894 permitting all defenses in such cases to be proved
under the general denial the decree was within the issues made by
the pleadings, and that the court had full and complete jurisdiction
over the subject-matter and the parties. *pp. 648–655.*

SAME.—*Sales of Real Estate.*—*Collateral Attack.*—Where a decree for
the sale of real estate, on petition of administrator, for payment of
debts, was within the issues made by the pleadings, and the court
had jurisdiction over the subject-matter and the parties, it is not
subject to a collateral attack by a party thereto. *p. 655.*

From the Montgomery Circuit Court. *Affirmed.*

*G. W. Paul*, for appellant.

*J. F. Harney, C. Johnston, W. H. Johnston, R. W. Har-
rison, F. E. Gavin, T. P. Davis* and *J. L. Gavin*, for appel-
lee.

MONKS, J.—Russell B. Watkins died in December, 1894,
intestate. In 1895 appellee, as administrator of his estate,
filed a petition in the Montgomery Circuit Court to sell 200
acres of real estate to pay the debts, alleging the same to be
all the real estate owned by the deceased at the time of his
death. Appellant, the widow, and the two children of said
deceased, his only heirs, were made defendants to said peti-
tion. Appellant filed an answer and also a cross-complaint,
in which she alleged that she was the owner in fee simple
of 100 acres of said real estate, describing the same, and set-

ting forth that said 100 acres of real estate was devised to her by her father in his last will and testament, which had been duly admitted to probate; and that on April 21, 1890, she and her husband, Russell B. Watkins, executed a deed conveying said real estate to one Daugherty, as trustee, who by deed conveyed the same to her husband.   Other facts were alleged in said cross-complaint in regard to the purpose for and representations upon which said deeds were executed. She asked in said cross-complaint that said deeds be set aside, and the title to said real estate be quieted in her.   The two children of the decedent, Daugherty, the trustee, and his wife, and appellee were made defendants to said cross-complaint.   Appellee filed an answer of general denial thereto. The court tried the cause, and made special finding of facts and stated conclusions of law, and rendered a judgment and decree thereon.   It was found, among other things, that the 200 acres of real estate, which included the 100 acres claimed by appellant in her cross-complaint, were encumbered by mortgages amounting to $2,700, in the execution of which appellant had joined with her husband.   The decree adjudged, in effect, that the 200 acres of real estate described in the petition to sell, except the interest therein which Caroline Watkins inherited under the law as the widow of the deceased, were liable and subject to  sale to pay the indebtedness of the deceased, and costs of administration, and that 100 acres, not claimed by said Caroline Watkins as her separate property in her cross-complaint, be sold by said administrator to pay the debts of said decedent, and that all the debts and expenses of administration that may remain unpaid after the application of the personal estate, be paid out of the proceeds of such sale, and that if any part of the proceeds of the sale of said 100 acres of real estate remains after the payment of said debts and costs of administration the same shall belong to and be paid to the widow Caroline Watkins.   That said Caroline Watkins was the owner in fee simple of the 100 acres of real estate described in her cross-

complaint, subject only to the payment of whatever of the indebtedness of such decedent, and expenses of administration, set forth in the finding of facts and the decree, that may be unpaid and unprovided for after the sale and application of the proceeds of the 100 acres of real estate above ordered sold to pay debts; and if the proceeds of the sale of the first named 100 acres should not be sufficient to pay all of said debts of the decedent, that said Caroline Watkins should have the right and privilege of paying said administrator within sixty days from the time said fact is ascertained a sum sufficient to pay the then unpaid balance of the debts, and on her failure to do so, after due notice, the administrator shall proceed to sell a sufficient part of said 100 acres of real estate described in the cross-complaint to pay the then unpaid balance of said debts and costs and expenses of administration, and subject only to these provisions, the title in and to said 100 acres of land is forever quieted in appellant against all parties to said action.    The 100 acres first mentioned and ordered sold in said decree was sold by the administrator for $4,000, and appellee, the administrator, paid and satisfied said mortgages on the 200 acres of real estate amounting to $2,700, and was proceeding to pay off the other indebtedness of said estate when the widow, this appellant, demanded the one-third of the proceeds as hers, free from all demands of creditors, which he refused to pay, on the ground that by said decree he was ordered to pay debts and cost of administration first, and that she was, under said decree, only entitled to receive what was left of the proceeds of said sale after the payment of all debts and cost of administration. She thereupon commenced an action against him as such administrator and recovered a judgment for one-third of the gross proceeds of said sale, which was affirmed by this court in *Lewis, Adm., v. Watkins,* 150 Ind. 108.    Appellee paid to appellant, as adjudged by the court in said action, one-third of the gross proceeds of the sale of said 100 acres of real estate; and after paying out the balance of the proceeds

of said sale and the other assets of the estate in his hands on the indebtedness and costs of administration specified in said special finding and decree, there remained unpaid thereof the sum of about $2,075. Said administrator has no assets in his hands to pay the same. Proper notice was served on appellant of the deficiency of the assets of said estate to pay said indebtedness, as provided in said decree. Appellant has neglected and refused to pay the same, or any part thereof.

This proceeding is brought by appellee against appellant to procure an order to sell the 100 acres of real estate, the title to which was quieted in her by said decree, subject to said indebtedness, to make assets to pay said debts. While the application seems to have been docketed in the court below as an independent action, it is, and must be treated as a part of the original proceeding brought to sell the decedent's real estate to pay debts, provided for by §2501 Burns 1894, §2346 Horner 1897. Appellant's demurrer for want of facts to the petition to sell was overruled, and she filed an answer in six paragraphs. Appellant withdrew the first and second paragraphs of answer, and appellee's demurrer for want of facts to the third, fourth, fifth, and sixth paragraphs of answer was sustained, and the court found in favor of appellee, and, over appellant's motion in arrest of judgment, rendered judgment ordering the sale of the undivided two-thirds of said real estate to pay said indebtedness.

The errors assigned call in question the action of the court, in overruling the demurrer to the application for an order for a further sale of real estate, in sustaining the demurrer to the third, fourth, fifth and sixth paragraphs of answer, in overruling the motion in arrest of judgment and the motion to modify the judgment.

The correctness of the rulings of the court challenged by the assignment of errors depends upon whether the part of the judgment and decree in the original proceeding, which provides that the 100 acres of real estate in controversy is subject to and liable for the indebtedness of the decedent,

and shall be sold to pay the same if there is a deficiency, is void. If that part of the decree is void, this case should be reversed, otherwise it should be affirmed.

Appellant insists that said part of the judgment is void, (1) because there was no pleading authorizing such a limitation of her title, and the same is therefore outside of the issue; (2) because the court had no jurisdiction to order a sale of her lands to pay her husband's debts.

Appellee by his petition in that case asked for an order to sell 200 acres of real estate to pay the debts of Russell B. Watkins, deceased. Appellant's answer to said petition and her cross-complaint, and appellee's answer thereto, put in issue the title to said 100 acres, and every right, interest, and claim of appellant and also of appellee as administrator were put in issue. Appellee was not required to plead any matter of estoppel or any other defense in answer to appellant's cross-complaint, for the reason that under §1067 Burns 1894, §1055 Horner 1897, he was entitled to make and give in evidence any defense either legal or equitable that he had to her cross-complaint. *East* v. *Peden*, 108 Ind. 92. If a legal or equitable defense existed to appellant's cross-complaint, and appellee had failed to prove said defense at the trial, the same would have been lost the same as if it had never existed, and could not have been asserted in another action. *Indiana, etc., R. Co.* v. *Allen*, 113 Ind. 581, 587, 592; *East* v. *Peden*, 108 Ind. 92; *Watkins* v. *Winings*, 102 Ind. 330; *Faught* v. *Faught*, 98 Ind. 470, 475, 479.

In *Indiana, etc., R. Co.* v. *Allen, supra*, the court said: "The great object to be accomplished by the statutory action to quiet title is to settle in one action all conflicting claims. * * * In *Green* v. *Glynn*, 71 Ind. 336, it was said, 'the very object of the action to quiet title is to determine all conflicting claims, and remove all clouds from the title of the complainant. If one having a claim is brought into court by a complaint to quiet title, and fails to assert his claim, he is

concluded by the judgment, even though he omitted to assert his real claim. The statute was intended to secure repose and to settle in one comprehensive action all conflicting claims.' It was said in *Farrar* v. *Clark*, 97 Ind. 447, that 'our own cases have steadily maintained the doctrine that the action is intended to settle in one proceeding all claims and to put an end to all litigations concerning the title.' In many cases it has been asserted that a decree in an action to quiet title, as well as in kindred actions where title is directly put in issue, cuts off all claims of the unsuc- cessful party, except such as are expressly saved by the decree. *Ulrich* v. *Drischell*, 88 Ind. 354; *Cooter* v. *Bas- ton*, 89 Ind. 185, and authorities cited p. 186; *Stumph* v. *Reger*, 92 Ind. 286; *Ragsdale* v. *Mitchell*, 97 Ind. 458; *Faught* v. *Faught*, 98 Ind. 470; *Watkins* v. *Winings*, 102 Ind. 330."

The 100 acres of real estate claimed by appellant in her cross-complaint had been devised to her by her father, but she and her husband had conveyed said real estate to a trustee who reconveyed the same to her husband several years before his death. It was in her husband's name at the time of his death, and by her cross-complaint she assailed said conveyances and sought to have them set aside, and the title to said real estate, in fee simple, quieted in her, as against her children, and appellee, representing her husband's cred- itors. The ownership of said real estate, and its liability to sale to pay the debts of her husband were in issue in said cause, and within these issues the court adjudged in that case that said real estate was subject and liable to sale for the payment of the debts of her deceased husband, and that the same should be sold to pay any of such debts remaining unpaid after exhausting the other assets of the estate, if she failed to advance the money to pay the same, and that, sub- ject to said indebtedness, the title to said real estate, in fee simple, be quieted in her. The title to said real estate in fee simple, it is true, was adjudged to be in her, but subject to

said indebtedness, and appellant's right to sell the same for the payment of the debts of the decedent remaining unpaid, after the proceeds of the sale of the other 100 acres and personal estate had been exhausted, was expressly reserved and saved by said decree. It is insisted by appellant, however, that the court had no jurisdiction to adjudge that her lands were subject to her husband's debts, or liable to be sold to pay the same. It will be observed that the petition to sell alleged that all the real estate was owned by the decedent at the time of his death, and asked for an order to sell the same as his real estate to pay his debts, and one of the questions to be determined was whether appellee as administrator was entitled to sell the same for that purpose. *Lantz* v. *Maffett*, 102 Ind. 23, 30; *Gavin* v. *Graydon*, 41 Ind. 559; *Parker* v. *Wright*, 62 Ind. 398; *Thomas* v. *Thompson*, 149 Ind. 391, 394; *Denton* v. *Arnold*, 151 Ind. 188, and cases cited. The court did not adjudge that her land was subject to sale to pay her husband's debts, but that as between appellant, and appellee representing her husband's creditors, the land was the land of her husband and as such was subject to and liable for his debts. It has often been held that where a wife places the legal title to her land in her husband, or suffers the legal title thereto to remain in him, she may, by her conduct, under some circumstances, estop herself from asserting her ownership to said land against the creditors of her husband. *LeCoil* v. *Armstrong, etc., Co.*, 140 Ind. 256, and cases cited; *Pierce* v. *Hower*, 142 Ind. 626, 631, 632; *Minnich* v. *Shaffer*, 135 Ind. 634. Appellant did not claim to own, and did not own, the real estate described in her cross-complaint as the widow of said Russell B. Watkins, for which reason the case of *Lewis, Adm.*, v. *Watkins*, 150 Ind. 108, 110, 111, and cases there cited, which hold that the court ordering the sale of real estate of a decedent to pay debts has no jurisdiction to order the sale of the widow's interest therein, except in the cases provided for in §§2503, 2504 Burns 1894, §§2348, 2349 Hor-

ner 1897, have no application here. The part of the decree in regard to appellant's title to said real estate, and that said real estate is subject to the payment of the debts of the decedent and liable to be sold to pay the same, was clearly within the issues in said cause, and the court had full and complete jurisdiction over the subject-matter and the parties. The same is not therefore, subject to collateral attack by appellant or any other party thereto. Whether said decree was right or wrong was a matter to be decided on an appeal, but it cannot be questioned in this proceeding, even if erroneous. *Lantz* v. *Maffett*, 102 Ind. 23.

The only question adjudicated in *Lewis, Adm.*, v. *Watkins*, 150 Ind. 108, was that said appellant in that case, who is also the appellant here, was entitled to one-third of the gross proceeds of the sale of the 100 acres of real estate first ordered sold, and that so far as the judgment directed the administrator to pay her part of the proceeds of said sale on any debts of the decedent, other than the mortgages in the execution of which she had joined, the same was void. The remainder of the judgment was not questioned, but on the contrary the legal effect of the judgment and conclusions of law were set forth in *Lewis, Adm.*, v. *Watkins, supra*, the same as they have been construed in this appeal. Finding no available error in the record, the judgment is affirmed.

Hadley, J., took no part in the decision of this cause.