## VAIL and Others *v.* HALTON and Others.

*Vancleave* v. *Milliken*, 13 Ind. R. 105, followed.

In a suit for the recovery of real estate, all legal or equitable defenses, by the act of 1855, may be given in evidence under the general denial.

Where a person claims the benefit of an exception in the statute of limitation, he must show that he comes within it.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—Action by the appellants against the appellees, to recover possession of certain real estate. Answer in denial. Trial by the Court. Finding and judgment for the defendants, a new trial being denied.

On the trial, it was admitted that in *April*, 1840, *John Allen* died seized in fee simple of the premises in controversy, and that the plaintiffs are his heirs at law. The defendants introduced the record of the Probate Court of

*Fayette* county, by which it appears that the administrator of *Allen* procured an order of that Court for the sale of the land, for the payment of the debts of the estate of the deceased; and that, in pursuance of the order, he sold the same to one *George Frybarger*, which sale was afterwards confirmed, and a conveyance ordered to be made to the purchaser, which was done. These proceedings were closed up at the *February* term of the Court, 1844. It was admitted that the defendants were in possession of the property, claiming title under *Frybarger*; that *Frybarger* took possession soon after the sale, and that he, and those claiming under him, have been in the possession ever since.

The appellants insist that the proceedings of the Probate Court, owing to irregularities and defects therein, are a nullity, and that no title passed thereby to *Frybarger*. On the other hand, the appellees claim that, though the proceedings be invalid for the purpose of vesting in the purchaser a title to the premises, yet that they gave a color of title which is protected by the statute of limitation, in reference to suits for the recovery of lands sold by executors and administrators. This point is settled in favor of the appellees, by the case of *Vancleave* v. *Milliken*, 13 Ind. R. 105.

The statute of limitations, or any other legal or equitable defense, can be given in evidence under the general denial, without pleading it specially, in actions for the recovery of real estate. Acts of 1855, p. 57.

By the statute of limitations, persons being under disabilities when the cause of action accrues, have two years within which to bring the action, after the disability is removed.

If, in this case, the plaintiffs were under any disability when the cause of action accrued, and if the suit was brought within two years after the disability was removed, the proof devolved upon them to show it. The action was not brought until 1856, twelve years after the sale of the land, and the action is *prima facie* barred. If the plaintiffs were infants at the time the cause of action accrued, they

should have shown at what time they became of age, and that the suit was brought within two years thereafter. There being no proof on this subject, we must affirm the judgment.

> *Per Curiam.*—The judgment is affirmed with costs.
> *J. A. Fay* and *N. Trusler,* for the appellants.
> *J. S. Reid,* for the appellees.