Goldsberry, Administrator, *v.* Gentry *et al.*

No. 10,890.

GOLDSBERRY, ADMINISTRATOR, *v.* GENTRY ET AL.

HUSBAND AND WIFE.—*Purchase of Land with Wife's Money.*—*Conveyance.*—*Resulting Trust.*—Where a husband purchases land with the money of his wife, and takes the conveyance in his own name without her consent, he thereafter holds it in trust for her, though she knew that he had so taken the title.

SAME.—*Agreement.*—*Conveyance Taken in Husband's Name.*—Where land is thus purchased, and the title is taken in the name of the husband, in pursuance of a verbal agreement, made without any fraudulent intent, that he will hold it in trust for her, a valid trust is created in her favor.

SAME.—*Heirs of Wife.*—*Injunction.*—*Sale of Land by Administrator of Husband.*—*Pleading.*—*Notice.*—*Creditors.*—In an action by the heirs of the wife to restrain the administrator of the husband from selling the land, an answer that the wife had permitted the husband to retain the legal title, and contract debts, without giving notice of her claim, is bad for not alleging that such creditors had given credit to the husband in ignorance of the wife's claim.

SAME.—*Order of Sale.*—*Estoppel.*—*Descents.*—An answer in such case, that the plaintiffs had been made parties to an application by the administrator to sell said land, and that in such proceeding an order was obtained which is in full force, is insufficient, as the court possessed no power in such proceeding to order sold the interest they inherited in said land from their mother; they were only concluded as the heirs of the father.

VOL. 92.—13

92 193
125 475

92 193
137 220

92 193
156 618
o156 619

SAME.— *Counter-Claim.—Payment of Mortgage by Administrator.— Exhibit.— Subrogation.*—In such case a counter-claim alleging that the administrator had paid off a mortgage which existed upon the land when it was purchased, and that the sum paid was paid to protect the title, is not good unless the mortgage, or a copy, accompanies the pleading, as the administrator can only enforce a lien by foreclosing the mortgage.

SAME.—*Evidence of Trust.*—In such case, where there is no direct proof that the wife furnished the purchase-money, or that the husband agreed to hold the land in trust for her, the manner in which he used and improved it, such as clearing and cultivating it, is admissible in evidence to enable the jury to determine how he in fact held it.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellant.

*C. L. Henry* and *H. C. Ryan,* for appellees.

BEST, C.—Martin S. Prewett died seized of certain real estate in Madison county, Indiana, and the appellant, as administrator of his estate, obtained an order to sell the same for the payment of debts. Thereafter the appellees, the only children and heirs at law of said decedent and of his deceased wife, who died intestate, brought this action to obtain a judgment, declaring them the owners of said land, and to restrain the appellant from selling it upon the order so obtained.

The complaint consisted of two paragraphs, to each of which a demurrer, for the want of facts, was overruled, after which an answer of five paragraphs was filed. The first was a general denial, and the others were special. A demurrer was sustained to the second, third and fourth, and a reply in denial of the fifth was filed. The issues were tried by the court, and, over a motion for a new trial, a judgment was rendered for the appellees, awarding them two-thirds of the land in accordance with the prayer of the complaint. These various rulings are assigned as error and will be noticed in the order of their statement.

The first paragraph of the complaint averred, in substance, that on the 29th day of January, 1862, the wife of Martin S. Prewett placed in his hands $600 of her separate means with

which he agreed to purchase for her the land in the complaint described; that in pursuance of such agreement he did purchase said land and paid for it with the money so furnished by his wife; that said Martin S. Prewett "then and there, contrary to the wish and desire of his wife, and without her knowledge and consent, procured the deed of conveyance to be made to himself;" that he died on the —— day of————, 187–, holding the legal title, and that the appellant, as administrator of his estate, is seeking to sell it for the payment of debts, etc. It is also averred that the wife died intestate, the equitable owner of said land, leaving the appellees her only children and heirs at law.

This paragraph was unquestionably good. It averred that the wife furnished the money, and the husband took the conveyance in his own name without her consent. This created a resulting trust in her favor, and thereafter she was the equitable owner of the land. *Milner* v. *Hyland*, 77 Ind. 458.

The suggestion of appellant, that in order to create a trust the deed must be taken without the knowledge of the person furnishing the money, finds no support in the statute. If the deed is taken without the consent of such person, the fact that he may know it at the time in no manner impairs his claim to the property. This paragraph was sufficient, and the demurrer properly overruled.

The second paragraph alleged the same facts as the first, except instead of alleging that the husband took the conveyance in his own name without the consent of his wife, it was averred that, by agreement and without any fraudulent intent, he took the conveyance in his own name, and was to hold the land in trust for his wife.

The appellant insists that this paragraph is bad because the agreement by which the husband was to hold the land in trust for the wife does not appear to have been in writing. This was unnecessary. Where the consideration is paid by one person and the conveyance is taken by another, under a verbal agreement, without fraud, to hold the land in trust for

the former, a valid trust is created. This was expressly decided in *Boyer* v. *Libey*, 88 Ind. 235, where the authorities in support of the proposition are collected, and to which reference is made. This paragraph was good, and the demurrer properly overruled.

The second paragraph of the answer averred, in substance, that for twenty years prior to his death the decedent was in possession of said land, using and claiming it as his own; that during all this time he held the legal title, and the same appeared in his name upon the record of the county; that by reason of these facts he obtained credit and incurred debts to the amount of $3,000; that his wife knew these facts and did not claim any title to the land, but permitted her husband to obtain credit without in any way giving notice of her claim; that it will require all of said land to pay the decedent's debts, and that an order has already been obtained to sell it for such pupose.

This paragraph was insufficient. These creditors were not purchasers, nor had they acquired any lien upon the land. Nor did the facts averred constitute an estoppel. If otherwise sufficient, the failure to aver that credit was extended to the husband, in ignorance of the wife's claim, rendered the pleading radically defective. The demurrer was, therefore, properly sustained.

The third paragraph averred, in substance, that the wife's death occurred before the husband's; that the personal estate of the latter was insufficient to pay his debts, and the appellant filed his petition in the proper court to sell the land for such purpose; that all the appellees were made parties to such proceeding, and were duly notified as required by statute; that a guardian *ad litem* was appointed for the minor defendants, and that such proceedings were had as resulted in a judgment whereby the appellant was ordered to sell said land for the payment of the decedent's debts, and by reason of which the appellees are estopped to maintain this action.

According to the averments of this paragraph, upon the

death of the wife, one-third of the land descended to the husband, and two-thirds to the appellees, and upon the death of the husband the one-third so inherited by him from the wife descended also to the appellees. The appellees, therefore, at the time the petition was filed and the judgment for the sale of the land was rendered, held one-third as the heirs of the father, and two-thirds as the heirs of the mother. Assuming for the present that the fact that the father held the legal title for the whole during life does not affect the question, we are of opinion, that the judgment so rendered did not estop the appellees from claiming the portion inherited from the mother. This was expressly so decided in *Elliott* v. *Frakes,* 71 Ind. 412. In that case the plaintiffs owned the land, one-third was devised to them by their mother and the residue they inherited from the father. The administrator of the father obtained an order and sold the whole of the land for the payment of debts. Afterwards the children brought an action to recover from the purchaser the portion devised to them by the mother, and the court held that, as they were only made parties as children and heirs of the father, the judgment did not conclude them as to the portion devised to them by the mother. This case is in point, and, upon the assumption made, is conclusive of this question.

Does the fact that the father held the legal title during life make any difference? We think not. After the mother's death he owned one-third in fee, and held the legal title to the balance for the appellees, who were thereafter the beneficiaries of the trust. Upon his death the trust estate held by him descended to the appellees, who were his heirs, and they were thus clothed with the legal estate. Generally, where the legal and equitable estate unite in the same person, the former swallows the latter, but this result can not change the source of the inheritance. After as before the appellees held the estate as heirs of the mother. They were beneficiaries of the trust, and nothing could descend to them from the father but the naked legal title. This, however, only operated to

execute the trust, and can not be deemed an estate derived from him.  It, therefore, follows that they held two-thirds of this land as heirs of the mother, and consequently the judgment does not conclude them.  The demurrer was therefore properly sustained.

The fourth paragraph of the answer averred, in substance, that on the 5th day of September, 1861, the then owner of the land executed a mortgage upon it to the State of Indiana, to secure the payment of $200, with seven per cent. interest per annum; that said mortgage continued a valid and subsisting lien upon said land until the 15th day of March, 1881, when the appellant, as administrator of the decedent's estate, paid off the same, paying thereon $230.45, the amount then due; that the decedent during life, and the appellant since his death, paid the interest upon said mortgage, from time to time, in all $140; that the total amount paid is $375, all of which was paid to protect the title of said real estate.  Prayer that said sum may be declared a lien upon said real estate, and the same, or so much thereof as may be necessary, may be sold to satisfy said claim.

This paragraph is in the nature of a counter-claim.  It seeks to enforce a lien for the money paid upon the mortgage.  The payment of the money, under the circumstances stated, probably entitles the appellant to be reimbursed out of the property, but this does not constitute a lien independent of the mortgage, and as such can not be enforced.  If, by the payment of the mortgage, the appellant is subrogated to all the rights of the mortgagee, he may foreclose the mortgage, and thus enforce his lien.  In order to do this, however, the original or a copy must be filed with his pleading, and as this was not done in this case the paragraph was insufficient.  The demurrer was, therefore, properly sustained.

The court's refusal to permit the appellant to prove the nature and value of the improvements made by the decedent upon the land during his life is the first question presented

by the motion for a new trial, and in view of the case made by the evidence, we think its exclusion was error.

There was no evidence whatever that the decedent took the conveyance in his own name without the consent of his wife, and none that he took it in pursuance of an agreement to hold the land in trust for her other than such as might be inferred from the circumstances of the case. The wife owned an interest in some land inherited from her father's estate, and on the 6th day of February, 1858, sold it for $750. A horse and buggy were taken at $150 in part payment, and the balance was probably paid in cash. The decedent's father had purchased and then owned a quarter section of land. The east half was intended for the decedent and the west half for his brother. On the 29th day of January, 1862, the father conveyed all this land to the decedent. Some time previous to this conveyance the decedent and his wife moved upon this land and each of them lived there during life. The house was upon the east half, but possession was taken of the whole, and both-constituted the farm. The appellees claim that the decedent purchased the west half, and paid for it with the money received from the sale of his wife's land. No witness testified to such fact, but two or three said they understood that her means were invested in the west eighty. In addition to this testimony two or three witnesses testified that while the decedent and his wife were living upon this land, the wife on several occasions, in the presence of her husband, said that she owned the west eighty; that her money purchased it; that she would not sell it, and that she would build a house upon it. This claim was not disputed by the husband, and such admission as the law will draw from his silence, coupled with the other testimony, was sufficient to establish the fact that the land was purchased with the wife's money. The fact that the land was thus purchased, and that the husband did not dispute the wife's claim of ownership, did not, however, conclusively establish the alleged agreement. At most, this testimony only raised an inference of such agreement.

This inference might be completely repelled by circumstances, and, therefore, all the circumstances attending the holding, including improvements made, were admissible in order to determine whether the decedent was in fact holding for himself or in trust for his wife. If the evidence otherwise clearly established an agreement to thus hold, the circumstances could not affect the question; but when the agreement is a mere matter of inference in a measure drawn from the circumstances, all are admissible that tend to elucidate the real character of the holding. This testimony was, therefore, improperly excluded.

As the case must be reversed for the reasons already given, and as the evidence may be different upon another trial, we will not express an opinion upon its sufficiency.

For these reasons we think the court erred in overruling the motion for a new trial, and that for such error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be reversed, at the appellees' costs.

Filed Dec. 19, 1883.