Souders *et al. v.* Jeffries.

Filed Oct. 6, 1886.

---

No. 12,609.

SOUDERS ET AL. *v.* JEFFRIES.

SHERIFF'S SALE.—*Defective Description.*—*Statute of Limitations.*—Where the purchaser at a sheriff's sale takes possession of the land actually sold, and he and his grantees remain in uninterrupted possession for ten years, the title so acquired can not be afterwards disturbed, even if the description was so defective as to make the sale void.

SAME.—*Action for Possession.*—Where, however, the purchaser takes possession of land entirely different from that sold by the sheriff, the ten years' statute of limitations is not available to defeat an action by the owner for possession.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellants.

*J. R. East* and *W. H. East,* for appellee.

ELLIOTT, J.—The appellee instituted this action to quiet title to real estate, and issues were formed upon which a trial was had at the April term, 1883, resulting in a judgment in favor of the appellee. This judgment was reversed on appeal. *Souders* v. *Jeffries,* 98 Ind. 31. After the case reached the trial court under the mandate contained in the judgment of reversal, the appellee filed an additional answer to the cross complaint, to which the appellant unsuccessfully demurred.

The answer alleges that a mortgage was executed by the appellant and her husband; that it was on the land mentioned in the cross complaint; that it was described as out-lot number twelve, in the town of Bloomington; that a decree of foreclosure was rendered, the land sold, and purchased by the grantors of the appellee, on the 31st day of January, 1874; that they entered into possession immediately after the sale and remained in uninterrupted possession until the conveyance to the appellee who has since been in possession, and that no action was brought within ten years from the date of the sale to recover possession or avoid the sale.

We have no brief from the appellee, and we do not know upon what theory the answer was constructed. It is, however, said by appellants' counsel, that the theory of the appellee was that there was a mutual mistake, and if this is the theory upon which the answer proceeds it is clearly bad. It is not enough to show a mistake, for it must also be shown that the mistake was mutual, and that it was one of fact. *Mason* v. *Mason,* 102 Ind. 38; *Hyler* v. *Humble,* 100 Ind. 38; *Armstrong* v. *Short,* 95 Ind. 326. We do not, however, regard the answer as framed upon the theory that there was

a mutual mistake of fact; on the contrary, we think that the defence attempted by the answer is that of the ten years' statute of limitations.

The averments of the answer are, that the defendants " executed the mortgage on the land described in the cross complaint;" that the "said real estate was sold," and that the appellee's grantors entered into possession of it under the sheriff's deed. These averments the demurrer admits to be true, and, if true, they are certainly sufficient to enable the appellee to make the defence of the statute of limitations. If the land was mortgaged and was sold, then, although there might be the gravest irregularities in the proceedings, no action could be maintained after the expiration of ten years. It is true that the answer alleges that the "defendants executed a mortgage on the land described in the cross complaint by the description of out-lot number twelve, in the town of Bloomington," while the description in the cross complaint is "Seminary lot 12, in Bloomington." There is, unquestionably, a defective description; but, if the land of which the appellee took possession was actually sold, and was held by him and his grantors for ten years without any interruption of possession, then the title of the appellee can not be disturbed, even if the description was so defective as to make the sale void. *Second Nat'l Bank* v. *Corey,* 94 Ind. 457; *Wright* v. *Wright,* 97 Ind. 444, see p. 447.

The statute protecting purchasers at sheriff's sales was not intended to cure mere irregularities,—for mere irregularities will not vitiate a sheriff's sale,—but to prevent the disturbance of titles founded upon a sheriff's sale made under color of authority, although the sale was utterly invalid. Valid sales, of course, need no statute of repose to protect them; it is only the invalid ones that need this protection. The cases of *Angle* v. *Speer,* 66 Ind. 488, *Vannoy* v. *State,* 64 Ind. 447, and cases of a kindred character, are not in point, for the question is, not whether a sheriff's deed may be reformed because of a mistake in the mortgage on which the

judgment was rendered, but whether a defective, erroneous or insufficient description will prevent the purchaser at a sheriff's sale from successfully pleading the ten years' statute of limitations? Construing the answer as we have done, we have no doubt of its sufficiency.

The question presented by the evidence is very different from that presented on the pleadings. As we understand the evidence, it shows that the sheriff conveyed to the appellee an entirely different lot from that claimed in his answer and awarded him by the judgment of the court. It was shown that Seminary lot number twelve was in a different township from out-lot number twelve, and there was no evidence showing that it was the former lot which was really sold, or of which the appellee and his grantors took possession, under the sheriff's deed. The evidence is essentially the same as it was on the former appeal, and the decision there rendered governs the case in all its stages. The question is, not whether the appellee might have made a different case by the evidence, but whether he has in fact done so? We need not and do not determine what additional evidence is necessary to take the case out of the operation of the former decision.

The trial court is instructed to grant a new trial.

Judgment reversed.

Filed Sept. 24, 1886.