Orr *et al. v.* Owens.

## No. 14,930.

## ORR ET AL. *v.* OWENS.

REAL ESTATE.—*Sale on Execution.—Action to Recover.— Within what Time Must be Brought.—Section 293, R. S. 1881, Applies to Void Sales.*—Where land was sold under a decree of foreclosure by a sheriff without the county in which he holds office, and in due time a sheriff's deed was executed to the purchaser, and under that purchase he entered into possession of the land, and held it for more than ten years under his sheriff's deed, before a suit was instituted to recover the land, the action for recovery is barred by the statute of limitations. Section 293, clause 3, R. S. 1881, providing that an action can only be brought by the execution debtor to recover real property sold on execution within ten years from the day of sale, applies to sales where there was an entire want of jurisdiction in the court to order the sale of the property.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellants.

*J. M. Lewis* and *B. H. Burrell,* for appellee.

MILLER, J.—This was an action brought by the appellants against the appellee to quiet the title to a tract of land in Scott county, in which county the action was originally instituted.

The ruling of the court in overruling a demurrer to the second paragraph of the answer, is the only error assigned in this court.

It appears from the answer that the owner of the land in controversy executed a mortgage on this, with other lands, situate in Jackson county, to secure the payment of a note; that afterwards the mortgage was foreclosed in the common pleas court of Jackson county, and the land sold upon the decree by the sheriff of Jackson county, at the court-house, in Jackson county. This sale was made in contravention of the provisions of the statute. 2 G. H., p. 249, section 466 (section 756, R. S. 1881). *Holmes* v. *Taylor,* 48 Ind. 169; *Jenners* v. *Doe,* 9 Ind. 461.

The purchaser paid the purchase-money, and in due course

of time received a sheriff's deed, and entered into possession of the land under his purchase. That the purchaser, and those claiming under him, have been in the undisturbed possession of the land, claiming title under the purchase for more than ten years prior to the commencement of this suit, and that they have made lasting and valuable improvements upon the land.

The appellants claim title under the original mortgagors.

The only question discussed by counsel is as to the effect of the statute of limitation. Section 293, clause 3, R. S. 1881.

The counsel for the appellants concedes the general rule to be, that an action can only be brought by the execution debtor to recover real property sold on execution within ten years from the day of sale, but contends that this sale, being without the county in which the sheriff held office, was not, in reality, a sheriff's sale. That being extra-territorial, and without his bailiwick, it was absolutely void ; that the statute was intended to protect purchasers where there is merely a defective execution of a power, but not where there is an entire non-execution of it.

We are unable to agree with counsel in their construction of this statute. In construing this section of the statute of limitations, in the case of *Brown* v. *Maher*, 68 Ind. 14, the court says : " The statute clearly applies to the case before us. It applies to void sales. If it did not, it would be a dead letter ; for, if sales are not void, the purchaser needs no statute of limitations to protect his title." And in *White* v. *Clawson*, 79 Ind. 188, this language is used with reference to another clause in this section :

" Nor did the averment that the guardian's sale was void add anything to it. The statute upon which the defence was based is a statute of repose, and it is not necessary that a person shall have a good title to invoke its aid. Such persons do not need it. It is only those who can not assert a good title. It protects those who hold under void sales."

In *Wright* v. *Wright,* 97 Ind. 444, a suit by a married woman to recover land sold in violation of a statute, was held to be barred because not brought within ten years from the day of sale.

In *Second National Bank* v. *Corey,* 94 Ind. 457, an action to recover land advertised and sold by a sheriff by a description so defective and insufficient as to be void, was barred after ten years.

Also, in actions where there was an entire want of jurisdiction in the court to order the sale of property. *Vancleave* v. *Milliken,* 13 Ind. 105; *Vail* v. *Halton,* 14 Ind. 344; *Gray* v. *Stiver,* 24 Ind. 174.

The answer informs us that this land was sold by a sheriff, and that in due time a sheriff's deed was executed by the sheriff to the purchaser. And that under that purchase he entered into possession of the land, and held it for more than ten years under his sheriff's deed. This gave him and those claiming under him the right of protection afforded by the statute.

The court did not err in overruling the demurrer to the second paragraph of answer.

Judgment affirmed.

