## ARMSTRONG ET AL. v. HUFTY.

[No. 18,504. Filed Nov. 28, 1899. Rehearing denied June 28, 1901.]

JUDGMENTS.— *Conclusiveness.— Parties.— Decedents' Estates.— Sales
of Real Estate.* — Where a wife took possession of lands under
the will of her deceased husband, and at her death the lands were
sold by her administrator for the payment of her debts, parties to
such proceeding are concluded by the judgment and order therein
from asserting that she did not own the land in fee simple,
although they were made parties to the proceeding as heirs of their
mother and claimed afterward as heirs of their father. *Goldsberry
v. Gentry*, 92 Ind. 193, overruled. *pp. 607-620.*

DECEDENTS' ESTATES.—*Executors and Administrators.—Sales of Real
Estate.—Limitation of Actions.*—A purchaser of real estate at ad-
ministrator's sale is protected as against parties to the proceeding,
after the expiration of five years from the confirmation of the sale,
by cl. 4, §294 Burns 1894, although the real estate was so erroneously
described as to make the sale voidable or void. *pp. 620-628.*

MORTGAGES. — *Foreclosure. — Parties. — Conveyance of Mortgaged
Property.*—It is indispensably necessary in the foreclosure of a

Armstrong *v.* Hufty.

mortgage upon real estate that the person to whom the mortgaged property has been conveyed be made a party, and if he is not made a party, the foreclosure is void as to him. *pp. 628, 629.*

DEEDS.—*Description.*—*Tax Deeds.*—A description in a tax deed, "A part of the west one-half of the southeast quarter of section twenty-one, township twenty-five north, three west, containing four acres," is so defective that it conveys no title. *pp. 612, 629.*

SAME.—*Tax Deed.*—*Must Be Attested by County Treasurer.*—A tax deed which is not attested by the county treasurer, as required by §8624 Burns 1894, is not sufficient to support an action to quiet title. *p. 629.*

APPEAL AND ERROR.—*Rehearing.*—*Waiver.*—Questions not presented at the original hearing are waived, and the Supreme Court is precluded from considering the same on petition for a rehearing. *pp. 629-631.*

From the Carroll Circuit Court. *Affirmed in part and reversed in part.*

*Jesse C. Moore,* for appellants.

*W. C. Smith* and *G. W. Julien,* for appellee.

MONKS, J.—Appellee, Jasper J. Hufty, brought this action against appellants to quiet his title to three tracts of real estate in Carroll county, Indiana. The first tract contained eighty acres, the second forty-nine and sixty-one one-hundredths acres, and the third four acres. Appellants Armstrong, Sampson, and Sampson filed a cross-complaint against appellee and a part of their co-appellants to quiet their title to all of said real estate. Appellant Edward E. Bowen filed a cross-complaint against his co-appellants and appellee to quiet title to the four-acre tract. After issues were joined and the evidence was heard, the court made a special finding of facts and stated conclusions of law thereon in favor of appellee against all the appellants as to the first and second tracts, and against all of the appellants, except Bowen, as to the third tract, and as to that tract that neither appellee nor appellant Bowen was entitled to have his title thereto quieted as against the other. The judgment followed the conclusions of law. The errors and cross-errors assigned challenge the correctness of each conclusion of law.

It appears from the special finding that Joseph Sampson died testate on June 10, 1872, leaving as his only heirs at law his widow, Caroline Sampson, and his children, Dora Armstrong, and Anna and James Sampson. He died the owner in fee simple of the first and second of said tracts, and claimed to be the owner in fee of the third tract, the facts concerning the ownership of which are specifically stated hereafter. His last will and testament was duly admitted to probate. The clause which devised his real estate is as follows: "I give to my beloved wife, Caroline Sampson, all my property of every kind, real and personal, including moneys, rights, choses in action, credits and effects, which may remain after my debts and funeral expenses shall be paid, to be her own forever, she taking care of, providing for, raising, and educating our children, and she also providing that whatever of said property, either real or personal, shall remain undisposed of at the time of her death shall descend and be vested in our children." Said Caroline Sampson died testate on January 20, 1878, and the administrator of her estate filed a petition to sell said three tracts of real estate, making said Dora Armstrong, Anna Sampson, and James Sampson defendants thereto. It was alleged in said petition that said Caroline Sampson was, at the time of her death, the owner in fee simple of said real estate; that the eighty-acre tract was correctly described; that the forty-nine and sixty-one one-hundredths acre tract was described as follows: "Forty-nine and sixty-one one-hundredths acres off of the north end of the fractional north half of the northwest quarter of section twenty-eight, in township twenty-five north of range three west", which was incorrect in this, that it should have read "south" instead of "north" before the word "end." The four acres were described as follows: "Also four acres of land described as follows, to wit: Commencing at the southeast quarter of section twenty-one in said township twenty-five north of range three west, running thence north fifty-four rods to the center

of the State road, thence west a sufficient distance to contain four acres, said lands being a part of the same lands in said section of which Joseph Sampson died seized, and being in the southeast quarter of said section twenty-one." Said petition asked an order to sell said real estate to make assets to pay the debts of her estate. Notice of said petition was given in all respects as required by law, and the defendants were defaulted. Anna and James Sampson were minors, and a guardian *ad litem* was appointed, who filed an answer. After hearing the evidence the court found in favor of the petition, and the real estate being appraised at $3,200, an additional bond was filed, and said real estate was ordered sold. After due notice the same was sold to appellee for $3,225, and the sale approved by the court. On October 17, 1885, the administrators of said estate, pursuant to the order of the court, executed to appellee a deed for said real estate. The real estate was described in the appraisement, order to sell, notice of sale, and in the administrators' deed in the same way that it was in the petition to sell. The administrators of said estate intended to describe the forty-nine and sixty-one one-hundredths acres and the four acres as they are described in appellee's complaint in this cause. Said lands and the eighty acres described in the petition were the only lands owned by said Caroline Sampson in said sections twenty-one and twenty-eight at the time of her death, and they were the only lands in said sections owned by Joseph Sampson at the time of his death. The said two tracts, containing forty-nine and sixty-one one-hundredths and four acres, respectively, owned by said Caroline Sampson at the time of her death, were actually sold by said administrators to appellee, but through the mutual mistake of administrators and their attorneys, and the appellee, said erroneous and defective descriptions were used in describing said lands instead of the true and correct ones set forth in appellants' complaint. Before said

lands were sold to appellee, all the lands owned by said Caroline in said sections twenty-one and twenty-eight, as described in the complaint, were pointed out to him as the lands for which they had obtained an order to sell in said proceeding, and which they were offering for sale, and appellee believed that he was buying all of said lands, and, after the sale, actually took possession of the same, as described in his complaint, and has held, and now holds, the same by virtue of said administrators' sale and deed, and has so held them for the eleven years last passed. Appellee paid the administrators the full amount of the purchase money, and they charged themselves therewith, and on final settlement of said estate they paid into court, for distribution among the heirs of said Caroline, the sum of $621.17, which was the full amount remaining from said estate after the payment of the debts and liabilities of the estate; that, on proof of heirship, appellants Armstrong, Sampson, and Sampson each received and receipted for his share of said sum paid in by the administrators, and still retains the same.

As to the four-acre tract the court found that on July 1, 1861, Reuben Thayer and wife conveyed by warranty deed to one Austin the following described real estate in Carroll county, Indiana: Beginning at a stake on the south line of section twenty-one township twenty-five north of range three west, eighty poles west of the southeast corner of said section, thence west sixty poles to a stake, thence north fifty-eight poles to the center of the road leading to Pittsburgh, thence east along said road sixty poles, thence south fifty-four poles to the place of beginning, containing twenty-one acres; which deed was duly recorded December 26, 1860. On July 1, 1861, said Austin and wife executed to said Thayer and wife a mortgage on the real estate conveyed by Thayer and wife to Austin (the description thereof contained in the mortgage being defective) to secure the payment of a promissory note for $125, signed by said

Austin payable to Reuben Thayer. Said mortgage was recorded in the proper record December 26, 1861. On December 18, 1861, said Austin and wife executed a warranty deed conveying to one Benham "four acres off of the east side of the twenty-one acres conveyed by Thayers to said Austin". Said deed was recorded May 12, 1862. On September 26, 1864, said Benham executed a warranty deed conveying to one Downs said four acres of real estate, which deed was recorded October 29, 1864. On January 30, 1865, said Downs and wife executed to Peter and Abigail Striker a warranty deed for said four acres of real estate. This deed was recorded February 1, 1865. On February 1, 1865, Peter and Abigail Striker executed a warranty deed conveying to Joseph Sampson said four acres of real estate. Said deed was recorded February 5, 1870. On the same day, and before said Austin sold and conveyed said four acres to Benham, Thayer, the payee of the note secured by said mortgage executed by Austin and wife, released the four acres, so sold and conveyed by Austin to Benham, from said mortgage and the lien thereof, by a release written on the face of the record of said mortgage and signed by him and attested by the recorder of said county. On September 24, 1866, said Thayer, the payee of said note, assigned the said mortgage to James Matthews, and said Matthews, on January 26, 1867, assigned the same to Isaac Farneman. Said assignments were in writing, and were recorded on the face of the record where said mortgage was recorded in the office of the recorder of Carroll county, both on January 26, 1867. On December 21, 1868, Isaac Farneman brought an action to foreclose said mortgage so assigned to him making parties defendant thereto only the widow and children of Daniel Austin. Said complaint did not contain a description of said real estate, but referred to the mortgage for a description thereof. A decree of foreclosure was rendered against said widow and children, which described the twenty-one acres of real estate conveyed

by Thayer and wife to said Austin. Afterwards, by virtue of said decree, the sheriff of said county sold and conveyed said twenty-one acres of real estate to Abner H. Bowen. At the time said suit was commenced, and when said decree was rendered, Peter Striker and Abigail Striker were in possession of the four acres of land in controversy in this case, and claimed to own the same under their deed from said Eli Downs and wife, and they were not made parties to said proceeding to foreclose said mortgage. On October 11, 1872, Sophia Austin, the widow of Daniel Austin, executed a deed conveying to said Bowen all the real estate described in said mortgage. On April 28, 1877, the auditor of Carroll county, Indiana, for a consideration of $2.56, executed a tax deed to said Bowen for lands described as follows: "A part of the west half of the southeast quarter of section twenty-one, township twenty-five north, three west, containing four acres," and also reciting that said land was sold February 4, 1867, for taxes delinquent for the years 1865 and 1866, returned in the name of Peter Striker; this deed was not attested by the county treasurer. Afterwards, said Abner H. Bowen died intestate, leaving appellant Edward W. Bowen as one of his heirs, and on November 24, 1891, the other heirs of said Abner H. Bowen, by deed, conveyed said twenty-one acres to said appellant Edward W. Bowen, by the same description as that in the sheriff's deed. Joseph Sampson took possession of the four acres of land when he received the deed therefor from Strikers, by driving over and across the same in passing to and from the public highway to his eighty acre and forty-nine and sixty-one one-hundredths acre tracts of land, and at the same time pasturing a few head of stock thereon, and building a partial line of fence upon one side thereof, separating it from other lands, which possession continued until his death. After the death of said Sampson, his widow, Caroline Sampson, mentioned in his will as devisee, took and held the possession of said four-acre tract in the same manner until her death,

when her administrators and her heirs took and held possession thereof in like manner until the same was sold to appellee, who has held possession in like manner until the trial. After Abner H. Bowen received the sheriff's deed for the twenty-one acres of land he claimed to own said four acres, and has during a part of the time exercised acts of ownership over the same, by granting to tenants from time to time the privilege of cutting wood upon the same and repairing fences separating it from other land, and asserting to other claimants that he owned the same. Those claiming under him have exercised like acts of ownership. Double taxes have been paid on said four acres during the time said parties have claimed the same, each party claiming to be the owner and paying the taxes thereon during said time.

It is unnecessary to determine whether or not the estate which Caroline Sampson took in the lands of her deceased husband under his will was a fee simple absolute, or upon a condition subsequent, or whether she took the same as trustee for the benefit of herself and children, for the reason that said children, Dora Armstrong, Anna and James Sampson, were all parties to the proceeding in which said real estate was ordered sold to pay the debts of said Caroline Sampson, and they are concluded by the judgment and order in that case from asserting that she did not own the same in fee simple at the time of her death, and that it was not liable for her debts. *Thomas* v. *Thompson*, 149 Ind. 391, 394, and cases cited; *Denton* v. *Arnold*, 151 Ind. 188, and cases cited; *Hutchinson* v. *Lemcke*, 107 Ind. 121, 133, 135; *Watkins* v. *Lewis, Adm.*, 153 Ind. 648. It is not necessary, therefore, to construe said will, for, if the proposition stated is correct, said appellants are not entitled to recover in this action under any construction urged by them. The petition filed by the administrators of the estate of Caroline Sampson, deceased, as the statute requires, averred that she was the owner in fee simple of the real estate described therein, and thereby challenged appellants

Armstrong, Sampson, and Sampson, and all other defend-
ants to that proceeding to meet and contest that question.
The question was whether she owned said real estate in fee
simple at the time of her death, and whether the same was
subject to sale to make assets to pay her debts. *Watkins* v.
*Lewis, Adm., supra; Parker* v. *Wright,* 62 Ind. 398; *Gavin*
v. *Graydon,* 41 Ind. 559; *Lantz* v. *Maffett,* 102 Ind. 23.
It was indispensably necessary to try this issue. If said
decedent did not own said land in fee simple, but appellees
owned the same either as heirs or as devisees of their father,
Joseph Sampson, as they now claim, said administrators
were not entitled to an order to sell the same to pay the
debts of said decedent. If said appellants owned said real
estate they should have contested the question of ownership
in that proceeding. The issue of their mother's ownership
of said land and its liability to be sold to make assets to pay
her debts was presented, and was decided against them; and
they cannot now assert any title they had in said land when
said judgment was rendered.

In *Lantz* v. *Maffett,* 102 Ind. 23, it was claimed that in a
proceeding to sell real estate by an administrator, the heirs
were only challenged to meet the allegation of indebtedness,
and no question of title was involved. In considering that
question, this court, by Elliott, J., said: "If this assump-
tion were correct, then there would be no reason for the
petition to aver ownership in the decedent, or for making
the heirs parties to answer as to their interests in the land."
The fallacy of this argument is apparent; it unduly as-
sumes that the heir is only challenged to meet the allega-
tion of indebtedness; whereas he is challenged to meet that
claim and also meet the claim that the land was owned by
the deceased, and is subject to sale for the payment of his
debts. One of the most important issues which the heir, or
other party, is challenged to meet is the right of the admin-
istrator to sell the land. That such an issue should be met
and settled is demanded by high considerations; it is de-

manded by the interests of society, which require the firm and speedy settlement of controversies; it is demanded for the security of purchasers at administrator's sales; it is demanded for the benefit of heirs and creditors who have an interest in securing confidence in judicial sales, and it is demanded in order to give stability to titles and inspire confidence in the judgments of the courts. The administrator was bound to aver that his intestate owned the land—he could not of course sell a third person's land—but when he made this averment in due form, and brought the adverse claimants into court by due process of law to meet that issue, and obtained a judgment deciding the issue in his favor, the question was settled. * * * The question whether the land was subject to the decedent's debts depends upon whether she owned it; if the defendants to the petition owned it, of course it was not subject to her debts, and this was the issue presented by the petition. If presented the appellees were bound to meet it, and, if decided against them, they could not afterwards assert a title existing when they were brought into court."

It was said in *Bumb* v. *Gard,* 107 Ind. 575, on p. 576, "It is a well established rule that children who are made parties to an administrator's petition to pay debts are bound by the order of court as to existing titles, but not as to titles afterwards acquired."

Said appellants, however, insist that they were only made defendants in the proceeding to sell said real estate as the heirs of Caroline Sampson, and that they are not therefore bound by said judgment and order to sell as heirs of Joseph Sampson, deceased, upon the doctrine that a party is only bound by a judgment in the capacity in which he is sued. It is an old and well settled doctrine that, "Judgments as a general rule conclude the parties only in the character in which they sue or are sued. And therefore a judgment for or against an executor, administrator, assignee, or trustee, as such, does not ordinarily preclude him, in an action affecting

his own proper person, from disputing the matter decided, and *vice versa*". Bigelow on Estoppel (2nd ed.), 65.

While it is evident that one who is a party to an action as an executor, administrator, guardian, trustee or public officer is, as a general rule, only bound as such trustee or officer because the judgment is only rendered for or against him in that character, it does not follow that one who is made a party to an action in his own proper person, on account of his being the heir of some one as alleged, is only bound as to his rights as the heir of such person by the judgment rendered against him. When one is made a party to a proceeding on account of his being an heir of some one, he is made a party in his own proper person, as an individual, and not in any other character; and when a judgment or decree is rendered against him it is as an individual, and not otherwise. Why is he not bound, then, as an individual as to all matters adjudicated by said judgment? If the issue in such case, or the facts necessary to be found in order to entitle the plaintiff to recover, if they exist, would only bar such person's right as the heir of the person alleged, then, of course, a judgment in favor of the plaintiff in such case would only bind him as to that interest because that is all that was adjudicated. But if there is an issue in such a case, or a fact indispensably necessary to be found in order to entitle the plaintiff to recover, which, if it exists, bars every right of such person, whether as an heir or otherwise, then a finding and judgment against such person concludes him, not only from asserting any right as the heir of the person alleged, but from every right whether it grows out of such heirship or not.

This case is of the kind last named. It was indispensably necessary, before an order to sell said real estate could be adjudged, and a judgment to that effect rendered, that the court should find that the decedent owned said real estate in fee simple at the time of her death. If she so owned the same at the time of her death, then said appellants' interest

therein, if any, was that of her heirs, or devisees, and they could not have or own any other right, title, or interest in or to the same.  It follows, therefore, that the judgment in that case precluded them not only from asserting any interest in said real estate as the heirs of the mother, but any other interest whatever.  In response to an argument of like character this court said in *Lantz* v. *Maffett,* 102 Ind. 23, on p. 32:  "The appellees were brought into court in the capacity of heirs of the decedent, and it was the land as her land that the administrator sought an order to sell.  If they were not her heirs as to the land described, they should have litigated that question, and cannot now assert that they were not her heirs, but had then, and still have, an interest of a different character in the land.  If they were her heirs, and if she did own the land, it was subject to sale for the payment of her debts, and this is what the judgment conclusively adjudicates.  If the heirs are in court, and if the issue is made as to their heirship, it is not necessarily decided by the order directing the sale of the land, and that issue was made here, for it was alleged that Mrs. Niles owned the land, and that appellees were her heirs.  The success of appellees in this case depends entirely upon their overthrowing the judgment of the court that the decedent owned the land, for, in order to succeed, they must make it appear that some other person did, in fact, own it, and this would require the complete and total overthrow of the judgment.  The result would lead to a violation of long settled principles.  * * *  A person made a party as heir * * *. may be concluded from collaterally questioning any matter directly affecting him in the capacity in which he is sued, and in such a case as the present this involves the question whether the decedent was or was not the owner of the land. *Gavin* v. *Graydon,* 41 Ind. 559."

While in several of our cases in which the question here presented was not involved, or was unnecessary to the determination of the cause it is said "that one who is sued as heir

is only bound in that capacity," our attention has only been called to one case (*Goldsberry* v. *Gentry*, 92 Ind. 193), where the rule so declared was held applicable to proceedings by an administrator to sell real estate to pay debts, and the application of the same was necessary to the determination of the cause. Said case was decided upon the authority of *Elliott* v. *Frakes*, 71 Ind. 412.

In the case last named one Sipe died the owner of eighty acres of real estate, leaving a widow and children. After the death of the widow, the administrator of Sipe obtained an order to sell, and sold said eighty acres of real estate to pay debts. The children brought suit against the purchaser to recover the undivided one-third of said real estate, which descended to their mother. It was held by this court, on p. 415, that the court ordering the sale of said real estate "had no power to order the sale of more than two-thirds of the tract of land in question, for the payment of the debts," and that the order purporting to authorize and direct the sale of the whole tract was inoperative and void as against the interest which descended to the widow. It was held under the well settled rule in this State that the court has no power to order the sale of the interest which the widow inherits from her husband free from all demands of creditors, to pay the deceased husband's debts, except that since the enactment of the decedent's act in 1881, the same may be ordered sold under §§2503, 2504 Burns 1894, §§2348, 2349 Horner 1897. *Lewis, Adm.*, v. *Watkins*, 150 Ind. 108, 110, 111, and cases cited; *Clark* v. *Deutsch*, 109 Ind. 491, 494; *Nutter* v. *Hawkins*, 93 Ind. 260, 264; Henry's Probate Law, §§224, 225, 227, 228. She may in some cases, however, be estopped from disputing the validity of the sale. *Lewis, Adm.*, v. *Watkins, supra*, 111; *Pepper* v. *Zahnsinger*, 94 Ind. 88; *Smock* v. *Reichwine*, 117 Ind. 194. In such cases if the widow is made a party, or, if deceased, her heirs are made parties, the record will affirmatively show her rights; that the portion which she inherited as widow is not

a part of the estate liable for the debts, and hence the court has no power to sell it for that purpose. The record is, therefore, notice to the court and the world that her portion of the real estate cannot be, and has not been, sold by the administrator. If her interest is ordered sold, the record shows upon its face that the order is void, unless the order was made since September 19, 1881, under the provisions of §§2503, 2504 (2348, 2349), *supra; Hutchinson* v. *Lemcke,* 107 Ind. 121, 127-130, 132; *Hanlon* v. *Waterbury,* 31 Ind. 168.

If the trial court in *Elliott* v. *Frakes,* 71 Ind. 412, had no power or authority to order the sale of the widow's undivided one-third of said eighty acres of real estate, to pay the husband's debts, and the order of sale was void to that extent for want of power, then no party to the proceeding was bound by the order to sell her interest, and what was said by the court in regard to the children being bound by the judgment as heirs of the father, and not as heirs of the mother, was not necessary to the determination of the cause and was therefore *obiter dicta.* The case of *Goldsberry* v. *Gentry,* 92 Ind. 193, as to the question mentioned, is therefore overruled.

It is true that in *Bumb* v. *Gard,* 107 Ind. 575, after the death of the widow, the administrator procured an order and sold the real estate of the husband, including the widow's interest therein, to pay the debts of the husband, and the title of the purchaser of the real estate was sustained as to the widow's interest as against the heir who was a party to the proceeding. But in that case the heir, with a full knowledge of all the facts, received and retained the proceeds of the sale of the real estate and was estopped thereby the same as the widow would have been under like circumstances, under the rule declared in *Pepper* v. *Zahnsinger,* 94 Ind. 88.

In *Lord* v. *Wilcox,* 99 Ind. 491, it was held that an heir of a decedent was not, by an order to sell the real estate to

pay the debts of said decedent, precluded from afterwards. enforcing a lien on said real estate. This was correct in said case, because there was no issue in regard to liens on the land, and every fact essential to the judgment could exist and the heir also have his lien on the land sold. The decedent's ownership of the land and its liability to sale to pay his debts and the order to sell the same are in no way inconsistent with the right of the heir to have and enforce a lien against the land in the hands of the purchaser at administrator's sale, except perhaps in a case where the land is ordered sold free of liens.

In *Hutchinson* v. *Lemcke*, 107 Ind. 121, a husband and wife owned real estate as tenants by the entireties, and by the husband's death the wife became the owner thereof, not as widow, but by survivorship. This was prior to 1852, when the widow only took a dower interest in the real estate of her husband, and the probate court had the power to order the entire fee sold for the payment of debts. The husband's administrator made the widow a party to a petition to sell said real estate to pay the husband's debts, and she failed to appear, and the real estate was ordered sold to pay the debts of the husband. It was held that she was bound by said proceedings and could not afterwards assert said title to said real estate.

It is insisted by appellee that, even if the sale of said real estate was void, the same is protected as against appellants, who were parties to said proceeding, after the expiration of five years from the confirmation of the sale, under clause four of §294 Burns 1894, §293 Horner 1897, which provides that "For the recovery of real property sold by executors, administrators, guardians, or commissioners of a court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming a title under a party, acquired after the date of the judgment, within five years after the sale is confirmed." That his title is protected by

said clause as to that part of the property which is defect-ively described. It has been uniformly held under said clause that such actions to recover real property by a party to the proceeding are barred in five years from the confirma-tion of the sale, though the sales are void. *Fisher* v. *Bush,* 133 Ind. 315, 319; *Davidson* v. *Bates,* 111 Ind. 391, 400, 402; *Hawley* v. *Zigerly,* 135 Ind. 248; *White* v. *Clawson,* 79 Ind. 188, 192, 193; *Vail* v. *Halton,* 14 Ind. 344; *Van-cleave* v. *Milliken,* 13 Ind. 105. The statute is one of re-pose, and it is not necessary that one should have good title to invoke its aid. It is only those whose titles are not good that need the protection of the statute. As was said in *Fisher* v. *Bush, supra,* "Valid sales require no protection by statutes of limitation. * * * It is to the illegal and void sales that statutes of limitation are intended to apply."

In *Vail* v. *Halton, supra,* and *Vancleave* v. *Milliken, supra,* it was held that said five years statute of limitations applies to sales of real estate made by an administrator when the court had not acquired jurisdictions over the persons of the owners of the land sold.

Cases decided under the third clause of said §294 (293), *supra,* which requires that all actions for the recovery of real property, sold on execution, shall be brought by the execution debtor, his heirs, or any person claiming under him by title acquired after the date of the judgment, within ten years after the sale, involves principles substantially the same as those involved in this case.

Said appellees contend that as to erroneous, defective, and void descriptions of real estate, the rule applicable to sales by executors, administrators, guardians, and commis-sioners, under clause four, is the same as that applicable to sheriffs' sales under decrees of foreclosure under said clause when the misdescription in the mortgage is carried into the decree, advertisement, and sheriff's deed, but not to sheriff's sales under an execution on a judgment for money only.

This court has held under the third clause of said section 294 (293), *supra,* that sheriffs' sales, whether void on account of misdescription, or for any other reason, unless it be that the court which rendered the judgment upon which the writ issued had no jurisdiction of the subject-matter, are protected thereby, and that the same applies to foreclosure sales as well as to sales on ordinary executions. *Marley* v. *State, ex rel.,* 147 Ind. 145, 147, 148; *Moore* v. *Ross,* 139 Ind. 200; *Orr* v. *Owens,* 128 Ind. 229; *Sedgwick* v. *Ritter,* 128 Ind. 209; *Souders* v. *Jeffries,* 107 Ind. 552; *Wright* v. *Wright,* 97 Ind. 444; *Second Nat. Bank* v. *Corey,* 94 Ind. 457; *Brenner* v. *Quick,* 88 Ind. 546; *Brown* v. *Maher,* 68 Ind. 14; *Hatfield* v. *Jackson,* 50 Ind. 507; *Gray* v. *Stiver,* 24 Ind. 174.

In *Brenner* v. *Quick, supra,* the decree foreclosing the mortgage was void for want of jurisdiction over the person of the owner of the mortgaged real estate, he being the mortgagor, and the sheriff's sale and deed were void for that reason, but the court held that the title of the purchaser at said sheriff's sale, who took and held possession of the real estate thereunder, was protected as against the mortgagor and his heirs after the expiration of ten years. The widow of the mortgagor, who was not a party to the proceeding in which the decree of foreclosure was rendered, was given the undivided one-third of the real estate, not as the heir of her husband, but under §2562 Burns 1894, §2491 R. S. 1881 and Horner 1897, by virtue of her marital relations.

In *Wright* v. *Wright,* 97 Ind. 444, it was held that §2641, Burns 1894, §2484 R. S. 1881 and Horner 1897, prevented the sale on execution against a married woman, during her second marriage, of lands held by her in virtue of a previous marriage, if she have children by the previous marriage, but if such lands were sold on execution during the second marriage, and the purchaser took and held possession thereof under such sale, an action by such woman to recover the lands is barred, if brought after the lapse of ten

years, and after two years from the death of the person who was her husband when the land was sold.

In *Gray* v. *Stiver,* 24 Ind. 174, which was an action to recover real estate sold under a decree of foreclosure, the court on p. 178, said: "This court has held, in a case involving like principles, that the statute applies even where the court has not acquired jurisdiction over the persons of the owners of the land sold. *Vancleave* v. *Milliken,* 13 Ind. 105; *Vail* v. *Halton,* 14 Ind. 344. Indeed, the statute would be useless, if it protected only titles which do not need protection."

In *Orr* v. *Owens,* 128 Ind. 229, a mortgage on land in two counties was foreclosed in one of the counties where a part of the land was situated, and the sheriff of the latter county sold in his own county all of the mortgaged real estate in violation of §768 Burns 1894, §756 R. S. 1881 and Horner 1897, and it was held that while the sale of the land in the other county may have been void, possession having been taken and held under said sale and sheriff's deed for ten years from the date of sale, the purchaser was entitled to the protection of the statute.

In *Second Nat. Bank* v. *Corey,* 94 Ind. 457, on p. 467, it was held that when real estate is sold by the sheriff by a defective and void description thereof in the levy of the execution, advertisement, sale, and conveyance of the land, and possession follows such sale and conveyance, an action to recover such real estate is barred if brought after the expiration of ten years by the judgment debtor, his heirs, or any one claiming under him by title acquired after the judgment.

In *Sedgwick* v. *Ritter,* 128 Ind. 209, an action to recover possession of real estate sold under a decree of foreclosure, there was a misdescription of the real estate in the mortgage foreclosed, in using the word "east" instead of the word "west" in describing the quarter sections, and the complaint to foreclose did not allege the mistake in the description of

the real estate, nor ask for a reformation of the mortgage. A judgment on the note secured by the mortgage and a decree of foreclosure were rendered by default, in which the real estate was correctly described. The real estate was sold and deed made under the decree, and the purchaser took and held possession of said real estate thereunder. It was claimed that the decree of foreclosure was void, because, without the issues in the case, the parties having been brought into court for the foreclosure on one tract of land and the decree entered for the sale of a different tract; the court held that even if the decree of foreclosure and sale were void as urged, an action to recover the land sold under the decree was barred after the expiration of ten years from the date of sale.

In *Moore* v. *Ross*, 139 Ind. 200, the real estate was properly described in the mortgage, decree, notice of sale, and certificate of sale, but in the deed only a part thereof was described, and the purchaser took and held possession of said land under said sale and conveyance. The mortgagors, who were parties to the decree, brought an action for possession of the real estate after the expiration of ten years from the date of the sale, and it was held that the same was barred.

In *Marley* v. *State, ex rel.*, 147 Ind. 145, the lands of a judgment debtor sold on execution were misdescribed in the levy, advertisement, and deed, the lands so described never having been owned by the judgment debtor. When the sheriff's deed was executed, the purchaser took and held possession of the land of the judgment debtor intended to be sold. Held, that in an action against the judgment debtor, and those claiming under him, brought after the expiration of ten years from the date of the sheriff's sale, by a party holding under the purchaser at sheriff's sale, such party is entitled to have his title quieted as against such defendants, even if the sheriff's sale was absolutely void on account of the misdescription, because the statute protected him in a perfect title as against them.

In *Souders* v. *Jeffries,* 107 Ind. 552, it was held that a purchaser of real estate at a sheriff's sale, under a decree of foreclosure, and those claiming under him, who take and hold possession thereof under the sheriff's deed for ten years from the date of sale, cannot be disturbed in their title to said real estate under said sale, even though the description in the mortgage, decree of foreclosure, notice of sale, and deed is so erroneous as to describe real estate not owned by the mortgagor, or so defective as to be void. The court by Elliott, J., said on p. 554 "If the land was mortgaged and was sold, then, although there might be the gravest irregularities in the proceedings, no action could be maintained after the expiration of ten years. It is true that the answer alleges that the 'defendants executed a mortgage on the land described in the cross-complaint by the description of outlot number twelve, in the town of Bloomington,' while the description in the cross-complaint is 'seminary lot twelve' in Bloomington. There is, unquestionably, a defective description; but, if the land of which the appellee took possession was actually sold, and was held by him and his grantors for ten years without any interruption of possession, then the title of the appellee cannot be disturbed, even if the description was so defective as to make the sale void. *Second Nat. Bank* v. *Corey,* 94 Ind. 457; *Wright* v. *Wright,* 97 Ind. 444, see p. 447.

"The statute protecting purchasers at sheriff's sales was not intended to cure mere irregularities,—for mere irregularities will not vitiate a sheriff's sale,—but to prevent the disturbance of titles founded upon a sheriff's sale made under color of authority, although the sale was utterly invalid. Valid sales, of course, need no statute of repose to protect them; it is only the invalid ones that need this protection."

It will be observed that, under the rule declared in the cases cited, the ten years' statute of limitations protects a

purchaser of real estate at a sheriff's sale under a decree of foreclosure when he and those claiming under him take and hold possession of the real estate sold for ten years or more from the date of sale, even if the description of the real estate in the mortgage, decree, notice of sale, and sheriff's deed is so erroneous, insufficient, or defective as to be void, or describes land not owned by the mortgagor the same as in sales on ordinary executions.

In *Smith* v. *Bryan,* 74 Ind. 515, the same rule was applied to a tax sale. That was an action to quiet title to land and recover possession against the purchaser at a tax sale. It was held, under §250, p. 127, 1 R. S. 1876 (Acts 1872 s. s., p. 117), which provides that actions to recover real property sold for taxes must be brought within five years after the date of the sale for taxes, that as the evidence showed that the lands intended to be sold and actually sold for taxes were taken into possession by the purchaser, and held by him and those claiming under him for several years continuously before the commencement of the action, the plaintiff was barred by said statute of limitations, regardless of whether the tax sale was void or voidable, on account of the defective description, or any other defects.

In *Nutter* v. *Hawkins,* 93 Ind. 260, 264, this court held that the fourth clause of said §294 Burns 1894, §293 Horner 1897, did not apply to an attempted sale and conveyance by an administrator of so much of the decedent's real estate as descended to the widow free from all demands of creditors on the ground that the court had no power or jurisdiction to order the sale of the widow's interest, which fact appeared on the face of the record, and that said sale was void for want of jurisdiction over said subject-matter, the widow's said interest. That case, and perhaps other cases, hold that when it is shown by the record that the order of the court to sell the real estate is void for want of jurisdiction over the subject of the action, or any part thereof, that the said fourth clause does not apply to the sale of so much

of the real estate as was beyond the power or jurisdiction of the court.  Said cases are not in point here, however, for the reason that the record of the proceeding to sell the real estate of Caroline Sampson to pay her debts shows that her real estate was ordered sold for that purpose, and there is nothing on the face of said proceedings showing that said order or proceeding, or any part thereof, was void for want of jurisdiction over the subject-matter of the action.

It is evident that the construction placed upon clause three of said §294 (293), *supra,* in regard to erroneous and defective and insufficient descriptions of real estate sold under decrees of foreclosure and on ordinary executions, must also be given to clause four of said section in regard to such descriptions, when the sale is made by executors, administrators, guardians, or commissioners, by order of the court.

The cases of *Walton* v. *Cox,* 67 Ind. 164, *Angle* v. *Speer,* 66 Ind. 488, *Lewis* v. *Owen,* 64 Ind. 446, *Miller* v. *Kolb,* 47 Ind. 220, *Rogers* v. *Abbott,* 37 Ind. 138, and cases of like character, in which it is held that mistakes in the descriptions of real estate in proceedings by administrators to sell the same, and in a mortgage and decree foreclosing the same, and in sheriff's deeds cannot be corrected and reformed, are not in point here, for the question is not can such descriptions of real estate be corrected, but whether a defective, erroneous, or insufficient description will prevent the purchaser at an administrator's sale of real estate from being protected by the five years' statute of limitations. *Souders* v. *Jeffries,* 107 Ind. 552, 554-555.

Under the finding, the sale of said real estate was confirmed December 17, 1885, and appellee, as against appellants Armstrong, Sampson, and Sampson, took and held possession thereof from that date until the time of the commencement of this action, July 25, 1896, a period of more than eleven years.  It is clear, therefore, that even if said order of sale could be attacked collaterally in this action

by appellants, appellee is entitled, under the fourth clause of said §294 (293), *supra,* to have his title quieted to all of said tracts of real estate, even though a part thereof may be so erroneously described as to make the sale voidable, or void.

Appellee insists that upon the facts found he was entitled to have his title quieted to the four acre tract as against appellant Bowen, and therefore the conclusion of law to the contrary was erroneous. The special finding shows that, when Farneman instituted suit and foreclosed said mortgage executed to the Thayers by the Austins, Peter and Abigail A. Striker owned and were in possession of the four acres of real estate, which it is claimed were included in said mortgage, and they were not made parties to said proceeding. It is not necessary to make the mortgagor, who has conveyed the mortgaged real estate, a party to a proceeding to foreclose the mortgage unless a personal judgment is desired against him, but it is indispensably necessary that the person to whom he has conveyed the mortgaged real estate should be made a party, and, if he is not made a party, the foreclosure is void as to him. *Petry* v. *Ambrosher,* 100 Ind. 510, 511, 512, and authorities cited; *Curtis v. Gooding,* 99 Ind. 45. It is true, in such a case, the decree of foreclosure may be treated as a nullity, and the mortgage be foreclosed against the person owning the mortgaged real estate. *Curtis* v. *Gooding, supra.* But in such a proceeding the owner may make any defense he has to such foreclosure, the same as if no foreclosure had been obtained against the mortgagor. It follows, therefore, that said decree of foreclosure was void as to the Strikers and all persons claiming under them. The sheriff's deed for the twenty-one acres of real estate executed to Abner H. Bowen under said decree therefore conveyed to him no title to said four acres of real estate as against said Striker and those claiming under him. The finding also shows that Thayer, on the same day that Austin and wife conveyed the tract of four acres to Benham, released said four acres from the lien of

the mortgage executed to him by Austin and wife. It is evident, therefore, that said mortgage was not a lien on said four acres of real estate after the same was conveyed to Benham, and said four acres was held and owned by Joseph Sampson under his deed from the Strikers free and clear from said mortgage. The description in the tax deed made by the county auditor to Abner H. Bowen was so defective that it conveyed no title to any real estate. *Cooper* v. *Jackson*, 71 Ind. 244, 248. Moreover, if the description of the real estate was not defective, the tax deed would not be sufficient evidence to entitle said Bowen, or those claiming under him, to recover possession thereon or quiet title thereto, because the same was not attested by the county treasurer, as was, and still is, required by statute. 1 R. S. 1876, p. 123, §224, §8624 Burns 1894, §6473 Horner 1897; *Bowen* v. *Striker*, 100 Ind. 45, 48. The statute provides that if any tax deed shall prove invalid and ineffectual to convey title because the description is insufficient, or for any other cause than that the land in the deed was not liable for taxation, or if liable that the taxes thereon had been paid, the lien which the State has thereon shall be transferred to and vested in the grantee, his heirs or assigns, and he shall be entitled to recover the amount of taxes, interest, and penalty, etc., and such land shall be bound for the payment thereof. §§6487, 6488 R. S. 1881, §§8631, 8632 Burns 1894, §§6480, 6481 Horner 1897, *Scott* v. *Millikan*, 104 Ind. 75. There is no finding, however, that any real estate was ever sold to said Bowen at a tax sale, or that said Bowen ever paid to the county treasurer any money for real estate sold at a tax sale. The mere finding that a deed of the kind and character mentioned was executed to Abner H. Bowen is not equivalent to a finding of such facts. The finding that certain recitals were contained in said tax deed was not the finding of any facts, but of the evidence, and the same must be disregarded. *Morgan* v. *Worden*, 145 Ind. 600, 603; *Fisher* v. *Louisville, etc., R. Co.*, 146 Ind. 558, 561. There is nothing in the finding, therefore, to

show that said Bowen or those claiming under him are entitled to enforce any lien against the four acres in controversy under the tax law. There is no finding that the tenants, to whom Abner H. Bowen and those claiming under him granted the privilege of cutting wood on said four acres, ever availed themselves of that privilege and cut wood thereon; and there is no presumption that they did so. Said four acres is off of the east side of the twenty-one acres purchased by Abner H. Bowen at the foreclosure sale, and, for all that appears, the fences repaired may have been on the line dividing said four acres from the remainder of the twenty-one acre tract which was owned by said Bowen. It is evident, therefore, that said Abner H. Bowen and those claiming under him did not have such possession of said four acres as entitled them to the benefit of the statute of limitations governing either tax sales or sheriffs' sales. Said four acres of real estate was, therefore, owned by Joseph Sampson at the time of his death, free from any lien on account of said mortgage or tax deed, and appellee, having become the owner thereof, is entitled to have his title thereto quieted against all the appellants, including said Edward H. Bowen.

That part of the judgment quieting the title of appellee to the eighty acres and forty-nine and sixty-one one-hundredths acres of real estate described in appellee's complaint is affirmed, and that part thereof in regard to the four acres described in appellee's complaint is reversed, with instruction to restate all the conclusions of law except the first in accordance with this opinion, and render judgment quieting the title of appellee to said four acres of real estate against all the defendants in the court below.

### ON PETITION FOR REHEARING.

PER CURIAM.—Counsel for appellants urge that the judgment in this case is in conflict with the fifth and fourteenth amendments of the Constitution of the United States.

These questions were not presented in the briefs of counsel
or at the oral argument. Said questions were thereby
waived, and this court is precluded from considering the
same on petition for a rehearing. *In re Bank of Commerce,*
153 Ind. 460, 474; *State, ex rel.,* v. *Halter,* 149 Ind. 292,
304, 305, and cases cited; *Johnson* v. *Jones, Adm.,* 79 Ind.
141, 150; *Manor* v. *Board, etc.,* 137 Ind. 367, 394, and
cases cited.

Petition overruled.