## Staser v. Gaar, Scott & Company et al.

[No. 5,817.  Filed October 26, 1906.]

1. JUDICIAL SALES.—*What Are.*—A judicial sale is one authorized by a competent tribunal and made by an officer authorized by law to make such sale. p. 698.

2. SAME. — *Partition.* — *Confirmation by Court.* — A sale made under the order of a court by an officer appointed thereby for the purpose, and which sale becomes effective only upon confirmation by such court is a judicial sale, partition sales being included. p. 698.

3. SAME.—*Partition.*—*Conveyances.*—*Wife Not Joining.*—*Husband's Creditors.*—*Wife's Rights.*—*Statutes.*—Where the wife of one of the tenants in common of certain lands did not join in any conveyance of such lands, she ought to be held to be a proper party in a suit for the partition of such lands and should be entitled under §2669 Burns 1901, §2508 R. S. 1881, to receive the one-third part of the proceeds of the husband's share in preference to her husband's creditors. *Haggerty* v. *Wagner,* 148 Ind. 625, *contra.* p. 698.

4. APPEAL AND ERROR.—*Erroneous Ruling Precedent.*—*Transfer.*—Where a ruling precedent of the Supreme Court is deemed erroneous, the Appellate Court will transfer the cause to the Supreme Court with a recommendation that such precedent be overruled. p. 699.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Suit by Lewis C. Staser against Gaar, Scott & Company and others. From a decree against defendant Anna

Staser, she appeals. *Transferred to Supreme Court.* (For decision on transfer, see 168 Ind. —.)

G. V. *Menzies* and *Spencer & Brill,* for appellant.

*Ireland & Reister,* for appellees.

Roby, J.—Section 2652 Burns 1901, §2491 R. S. 1881, provides that "a surviving wife is entitled  *  *  * to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law." By §2669 Burns 1901, §2508 R. S. 1881, it is provided that "in all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof.  *  *  * When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition."

In the case at bar, Lewis C. Staser brought a suit for partition, setting up his ownership as tenant in common with other parties named of certain real estate described. Said real estate was found to be indivisible. A commissioner to sell the same was appointed, who duly reported such sale and now has the proceeds thereof in his hands for distribution.

Subsequently to the sale, the wife of said Staser, was by order of court made a party defendant, and sets up her right as such wife, under §2669, *supra.* Gaar, Scott & Co. were also made defendants and set up their right to the

interest of said husband by virtue of a lien upon said land, under a judgment against said husband.

The question for decision is whether the judgment creditor of the husband can, as against the wife, hold the entire fund realized from the sale in the partition proceeding of the husband's real estate, in the conveyance of which the wife has not joined, and to which proceeding she was not a party.

A judicial sale is "a sale, by authority of some competent tribunal, by an officer authorized by law for the purpose. The term includes sales by sheriffs, marshals, masters, commissioners, or by trustees, executors, or administrators, where the latter sell under the decree of a court." Bouvier's Law Dict., title: Judicial Sales.

A sale made under the process of a court by an officer appointed and commissioned to sell, which becomes absolute only upon confirmation by the court, is in every essential respect a judicial sale. 17 Am. and Eng. Ency. Law (2d ed.), 953; *Lawson v. DeBolt* (1881), 78 Ind. 563. It includes a sale in partition. 17 Am. and Eng. Ency. Law (2d ed.), 954, and authorities cited under note 4.

The facts exhibited by the record herein entitle the wife to the benefit of §2669, *supra.* But in the case of *Haggerty v. Wagner* (1897), 148 Ind. 625, 39 L. R. A. 384, it was held by a divided court that it is not "necessary in a partition suit between cotenants, where one of the cotenants has a wife living at the time the partition proceedings are had, to make such wife a party thereto in order to make such proceedings binding on her in case she outlives her husband and becomes his surviving widow." In that case the wife, after the death of her husband, sought to recover from a grantee of the purchaser her interest in the real estate. In this case the question

arises between a judgment creditor of the husband and the wife.

The propositions laid down in the main opinion in *Haggerty* v. *Wagner, supra,* are inconsistent with the conclusion to which we are irresistibly drawn in the case

4. at bar. Such conclusion accords with the propositions asserted in the forcible dissenting opinion filed therein.

This case is therefore transferred to the Supreme Court, with the recommendation that *Haggerty* v. *Wagner, supra,* be overruled.