## CRESSLER *v.* THE TRI-STATE LOAN AND TRUST COMPANY ET AL.

[No. 22,581. Filed December 18, 1914.]

1. APPEAL.—*Questions Presented.—Issues of Law.—Motion.*—On appeal sought to be taken on a reserved question of law on the overruling of a motion to postpone a receiver's sale and objections to its confirmation, no issue at law was presented, where it appeared that the motion, though verified, alleged matters which were within the knowledge of the trial court, or were based on information and belief, and contradicted by the record. p. 579.
2. RECEIVERS.—*Sale.—Motion to Postpone.*—Where it appeared that a motion to postpone a receiver's sale was presented on the day of the sale, almost a month after the report of the appraisers was filed, and alleged facts contradicted by the record and other matters based on information and belief relative to the qualifications of the appraisers. the trial court was justified in summarily overruling same. p. 580.
3. RECEIVERS.—*Order of Sale.—Requisites.*—Though not in terms directing a sale for cash, an order directing a receiver to sell the assets of an insolvent corporation free from the liens against it necessarily implied a sale for cash, and was sufficient. p. 581.
4. RECEIVERS.—*Sale.—Place of Sale.*—A receiver's sale is a judicial sale, and, unlike a statutory sale by a sheriff under execution, is not required to be had at the courthouse door. p. 581.
5. RECEIVERS.—*Sale of Real Estate.—Redemption.*—The requirement that the rents and profits be offered before the fee, and the provisions for redemption from sale of real estate, as provided in §§796, 809 Burns 1914, §§753, 766 R. S. 1881, are restricted to sales on execution, and do not extend to a sale by a receiver, which is a judicial sale. p. 581.

From Allen Circuit Court; *Sol A. Wood,* Special Judge.

Action by George H. Cressler for the appointment of a receiver for the Kerr Murray Manufacturing Company.

From orders entered after a decree for sale of the assets by the Tri-State Loan and Trust Company as receiver, the plaintiff appeals. *Affirmed.*

*T. E. Ellison,* for appellant.

*Barrett, Morris & Hoffman, Vesey & Vesey* and *Walter Olds,* for appellees.

MYERS, J.—On May 27, 1912, appellant as a stockholder therein instituted an action in the Allen Circuit Court against the Kerr Murray Manufacturing Company for the appointment of a receiver for the corporation of its assets as well as to prevent their waste should creditors bring suit then threatened, and levy executions on its property and bring about sales of its property at prices below its value. Insolvency was not alleged, but it was alleged that the company was indebted by mortgage for $250,000, and other large sums of money, and was unable to meet its obligations as they came due. The prayer of the complaint was for the appointment of a receiver to carry on its business, borrow money, carry out its existing contracts, enter into new contracts, and finally to close out its business, sell its property, and divide the surplus, if any, among its stockholders. The company at once filed its written waiver of the issuance and service of process and filed an answer in general denial. The cause was at once submitted to the court for trial and the Tri-State Loan and Trust Company was appointed receiver, accepted the appointment, and entered on the execution of the trust under directions contained in the order of appointment. On March 12, 1913, the receiver filed its petition to sell the property of the manufacturing company other than its choses in action. In this petition the debts and liabilities of the manufacturing company and their character were set out, and it was alleged that the company was insolvent. To that petition were made parties defendant, numerous persons and corporations who appeared and set up their claims. The manufacturing company also filed an

answer, denying the right of the court to order sale for various reasons but not denying the insolvency of the company, nor did appellant. Issues were formed on all these pleadings, trial had, and judgment rendered, fixing the various liens and their priorities, and ordering sale of the property of the company except certain specified portions thereof including bills and accounts receivable and choses in action. This judgment according to this record was entered of record and the record signed by the trial judge May 13, 1913, and the transcript was filed in this court January 17, 1914. There was no objection made to the form of the judgment or in any other respect, and no exception was taken. Appellant was a defendant to the petition to sell, filed an answer denying the right of the court to order sale, also a cross-complaint on which issues were joined, but there was no motion for a new trial by any party.

The judgment directed the receiver to procure the appraisement of the property in five classes, (1) the real estate and buildings and stationary boilers separately; (2) the equipment, machinery, engines of all kinds except the stationary boilers, separately; (3) the patterns, drawings for plants and machinery, separately; (4) an appraisement of all the items of the three preceding classes and all other property excepting materials on hand and products of the company wholly or partially manufactured as an entirety; (5) the materials on hand and products of the company wholly or partially manufactured, to be appraised separately from all other property. The court appointed three appraisers and ordered them to file their appraisement within ten days. The receiver was also directed after giving four weeks' notice in a specified manner to offer the property for sale, and directing sale according to the direction for appraising it, and to receive bids on these parcels separately. It was ordered also that in case of bids on separate portions, by the classes indicated, the whole should be offered, and if a bid for the whole, except the property of the fifth class

should equal or exceed the total bids of the several classes, if it should exceed two-thirds of the appraised value of the whole he should sell it as a whole, but if the separable bids for the parcels exceed the bid for the whole, the sale by parcels shall be made, but the sale shall be reported to, and be subject to the order of the court. The articles of the fifth class were ordered sold separately in any event, at not less than two-thirds their appraised value together with all other property of every kind, owned by the company or in which it had any right or interest, save that particularly excepted. Sale was directed to be made free from liens. The appraisers filed their appraisement, but on what date does not appear. Their oaths of qualification were taken June 24, 1913, in accordance with the decree. On July 21, 1913, the day of sale, at a time when the attorney for the receiver was present in open court, appellant filed in the receivership proceeding, a verified motion to postpone the sale in which he alleges "that it appears from the order books and entries in this cause that on the 20th day of June, 1913, the court announced that it would enter an order directing the' receiver in this cause to appraise the property belonging to said Kerr Murray Manufacturing Company and to proceed after having given four weeks' notice thereof to sell said property both real and personal * * *''. That without waiting until the said order was entered at length in the records and order books of this court, and until the same was duly signed and approved by this court, said receiver on June 21 and 28, and July 5 and 12, 1913, gave notice of sale for July 21, setting out a copy of the notice so given, and alleging "that the receiver had no power and authority to do so, until said order had been duly approved and signed by this court.''

Objection is made to the appraisement, on the ground that appellant is informed and believes that the appraisers did not properly qualify themselves to learn and know the value of the property, and that the appraisement was far less

than it should be, and that as made it would permit the receiver to sell at much less than the value of the property to the great detriment of the creditors and the petitioner. That the property is appraised at $155,000 when it should be appraised at more than $200,000, so as to prevent the receiver from sacrificing the property. That the appraisers had failed to appraise the rents and profits. §§796, 797 Burns 1914, §§753, 754 R. S. 1881; *Davis* v. *Campbell* (1859), 12 Ind. 192; *Indiana Cent. R. Co.* v. *Bradley* (1860), 15 Ind. 23. That it was proposed by the receiver to sell the real estate where it is situate and not at the courthouse door. §799 Burns 1914, §756 R. S. 1881; *Orr* v. *Owens* (1891), 128 Ind. 229, 27 N. E. 493; *Holmes* v. *Taylor* (1874), 48 Ind. 169. That the court had inadvertently deputized the receiver to fix the time, place, terms and conditions of sale when the court should have fixed them. That the notice is indefinite and uncertain so that bidders can not know the property to be offered, and confusion will rise among the bidders, and bidders be loath to bid, without knowing definitely what property will be struck off to them. That the statute requires all property to be sold, to be at the place of sale, and in view of the bidders, and that he is informed and believes that merchandise and other property are in Texas, Virginia, Michigan, Oregon, Washington, the District of Columbia, and en route to Fort Wayne, Indiana, and under the law it can not be offered for sale, and yet under the notice, a purchaser might claim that he had bid with the expectation of receiving such property, and conflict and confusion would arise, and the property would not sell for as much as it would if the law in such cases, and the order and instructions of the court had been followed. §794 Burns 1914, §751 R. S. 1881. Prayer that the notice and acts of the receiver and appraisers in reference to the sale be disapproved; that a new appraisement be ordered, new notice given, a more definite description of the property set out in the notice, and that the court fix

the time, place, terms and conditions of the sale more fully and exactly than had been done. It will be noted that there is no charge of fraud or collusion. The motion was overruled, and an exception was reserved by appellant and Ryson & Son. Just what relation the latter had to the matter does not appear. The motion is in the form of an affidavit, and names appellant only, and the assignment of error here is by appellant Cressler alone. Who Ryson & Son were we are not advised, except that it is stated in the entry of the filing of the motion to postpone the sale that George H. Cressler *et al.*, Joseph T. Ryson & Son file motion to postpone sale and set aside appraisement. On the court's ruling of this motion, sixty days were given to file bill of exceptions, and "notice given of appeal under §669 Burns Revised Statutes 1908." Report of sale was made July 22, 1913, showing bids in excess of two-thirds the appraisement and on July 23, appellant filed in court his verified objection to the confirmation of the sale, in the same words as his motion of July 21, and adding that immediately before he filed his motion of the 21st, the United States Construction Company, a corporation of New Jersey, in which affiant was in no wise interested, upon its written application was made a party to the proceeding. That immediately after appellant filed his motion he received notice from the United States Construction Company that it would file its application to remove the cause to the District Court of the United States for the District of Indiana, and shortly before 10 o'clock the hour for sale that company did file its petition and bond asking for said removal, and the court accepted the petition and noted its filing. That shortly thereafter the receiver with full knowledge of said petition and bond, proceeded to sell, and did receive a bid from, and sell the property to one Worden, trustee for certain named creditors, for $103,500, and that he at the time, and the creditors each knew of the petition to remove, followed by formal

objection to confirmation of the sale because of the irregularity of the receiver and his improper conduct, as set out in the petition of July 21, and also because it had no authority to proceed to make said sale at the place and time it so did, and that its authority to proceed under the order of this court ceased upon the filing of the application to remove by the construction company, and for the further reason that the property was sold at an unnecessarily low price. On July 24, 1913, this motion was overruled and exception reserved by appellant, and sixty days' time given to file bill of exceptions, and notice given that the question will be taken to the Supreme Court under §669 Burns 1914, §630 R. S. 1881, and the sale confirmed and exception to the confirmation, an appeal prayed and granted on condition that bond be given with surety to be approved by the court in the sum of $75,000 within twenty days. There was then on August 11, 1913, an application for reduction of the amount of the appeal bond showing he had endeavored to secure bond in the sum of $75,000 and could not do so, and asking that the bond be reduced to an amount not exceeding $25,000, and the time for filing it extended to September 13, 1913. Both motions were overruled and exceptions reserved.

The errors here assigned are, (1) in overruling the motion to postpone the sale of July 21, 1913; (2) in confirming the sale over appellant's objection on July 23, 1913; (3) in approving the sale and ordering and approving a deed to the purchaser; (4) in refusing to order a new advertisement and sale as sought by the motion of July 21, 1913; (5) in refusing to reduce the amount of the bond to a sum not exceeding $25,000.

The entire record of this case is made up of a transcript of the original complaint for the appointment of the receiver, and the entry of its filing; the appearance and answer of the Kerr Murray Manufacturing Company, an original bill of exceptions containing all the subsequent pro-

ceedings including the petition for sale by the receiver, the pleadings and the order book entries in that matter, the motions and order book entries, the rulings on which are the matters here complained of, the order book entry of the filing of the bill of exceptions, a transcript of the petition for reduction of the bond, and the ruling of the court on the motion, the praecipe for the desired record, and the certificate of the clerk that such transcript contains full, true and complete copies of all the papers and entries called for by the praecipe. The bill of exceptions itself recites that appellant's exceptions to overruling the motion to order a new appraisement and notice of sale and to postpone the sale, overruling his objection to the confirmation of the sale, and ordering and approving the deed, were taken at the time the rulings were made, and that he at the time gave notice that he intended to reserve the questions so ruled on and excepted to, and that the bill of exceptions contains a full, true and correct statement of all that was done at the times and in the matters referred to and contains sufficient of each and all parts of the matters raised by appellant on his said motions and objections, except that the evidence on the proceeding to sell, which resulted in the order of sale, is not made part of the bill.

The appeal is sought to be taken on a reserved question of law, from a claimed interlocutory order, as to matters arising after final judgment, and it is the insistence of appellant that his various motions presented no questions of fact, because, he claims the motions and the facts they contained are confessed to be true. This contention is based on the fact of his filing verified petitions setting up facts, which if true, are claimed to present questions of law. That his motions were taken as true, and that no question of fact was presented, can not be conceded. The motions doubtless did present the question of law as to the sufficiency of the notice of sale, because made a part of the petition. But it does not follow, that because in his verified

petitions he alleged that he was informed and believed that the appraisers had not sufficiently qualified themselves, and that the appraisement was too low, and that he was informed and believed that there was property in other states not embraced in the order of sale or notice, and property *in transitu,* that these matters should be taken as true. The appraisers had been appointed in the decree without objection. Appellant's allegation that the court's judgment had not been spread of record and signed by the judge when the first publication of notice of sale was made, is contradicted by the record he brings here, which shows its having been spread of record and signed by the judge, May 13, 1913. Whether the court had announced, June 20, 1913, that it would order an appraisement and sale, was not a matter of record, and was within the bosom of the court, and the latter was not required to take appellant's verified statement as true. Whether the appraisers had properly qualified themselves, whether the valuation was too low, whether their report was not actually filed before the notice of sale was given even though the affidavit of qualification was appended June 24, were questions of fact. Whether there was property outside the State, or *in transitu,* was immaterial, because the court had no jurisdiction over it. But appellant did not ask to have these questions of fact submitted for hearing in any other way than to have rulings on the motions. There was no demurrer, or motion to strike out so that any admission of fact was made or an issue of law tendered, but appellant apparently treated the motions as to be taken as confessed, as to the facts. A question of law as to the sufficiency of the notice was doubtless raised by the motions, but when we go to them, we find that the notice follows the order in the proceeding for sale to which appellant was a party, and made no objection, and upon its face appears opposed to the objections raised by appellant. His waiting until the day of sale, when the report of the appraisers had been on file certainly since

June 24, as appellant does not bring us a record as to when it was filed, and notice had been running since June 21, 1913, as shown by the record, and then alleging matters of fact in the face of the record he brings here, and allegations of his information and belief that the appraisers had not qualified themselves to act, by informing themselves so as to do so intelligently, and had underestimated the property, fully justified the court in summarily disposing of his motion to postpone the sale.

It is not made to appear that the application to remove the cause to the Federal court ever went any further than filing the petition and bond for removal. The sale is not attacked as having been made for an inadequate price, nor is it claimed that a greater price could be obtained, and no fraud or collusion or deception of any kind is alleged.

3. It is objected that the order does not direct a sale for cash. In terms it does not, but it directs that the sale shall be free from the liens, and necessarily implies a cash sale, and the notice of sale so provided.

As to the question of the sale being made at the site of the property and not at the courthouse door, appellant's position is untenable. A receiver's sale is a judicial

4. sale, as contradistinguished from a statutory sale by a sheriff, or elisor, under execution or decretal order, which requires sale at the courthouse door. §799 Burns 1914, §756 R. S. 1881; 34 Cyc. 309; 24 Cyc. 6, 23; *Lawson v. DeBolt* (1881), 78 Ind. 563; *Staser* v. *Gaar, Scott & Co.* (1906), 38 Ind. App. 696, 78 N. E. 987. By the

5. earlier common law, real estate could not be sold on execution at the instance of a private debtor. This rule was abrogated by statute in England as late as 1825, and in most, if not all the American states every interest of a debtor in real estate may be sold on execution, but both as to the question of requiring offer of the rents and profits before offer of the fee, and as to the question of redemption from such sales, such provisions are purely statutory, and

our statute restricts both to sales on execution, §§796, 809 Burns 1914, §§753, 766 R. S. 1881, and have never been understood as extending to judicial sales.

Numerous questions of practice are presented in this case which we deem it unnecessary to consider.

No error is made to appear, and the orders below are affirmed.

NOTE.—Reported in 107 N. E. 68. See, also, under (1) 3 Cyc. 159; (3) 34 Cyc. 313.