## J. H. DAY COMPANY ET AL. v. PUBLIC SAVINGS INSURANCE COMPANY OF AMERICA ET AL.

[No. 12,213. Filed April 2, 1926. Rehearing denied June 29, 1926.]

1. FIXTURES.—*Machinery, ovens and equipment of a bakery become fixtures, and subject to mortgage of the real estate.*—Machinery, ovens and equipment sold to a baking company to be installed in its baking plant, by such installment, became fixtures, and, as such, subject to a mortgage thereafter placed on the real estate. p. 84.

2. FIXTURES.—*Requisites of fixtures stated.*—To constitute a fixture, the article must be annexed to the real estate, either actually or constructively, adapted to the use of the realty, or part thereof, with which the article is connected, and intended by the party annexing it to be a permanent accession to the freehold. p. 84.

3. FIXTURES.—*As between vendor and vendee, title to property sold on conditional sale contract remains in the vendor, although it has been annexed to the soil.*—Generally, the title to property sold on conditional sale contract, as between the ven-

dor and vendee, remains in the vendor until the terms of the contract are complied with, although such property has been annexed to the soil.   p. 85.

4.  FIXTURES.—*Machinery sold on conditional sale contract to be installed in baking plant as part of the real estate was subject to a mortgage on the real estate where the mortgagee had no notice of the conditional sale contract.*—Where machinery was sold on a conditional sale contract to be installed in a baking plant that was a part of the real estate on which it was located, and it was installed therein and used as a part thereof, it became a part of the real estate and subject to a mortgage on the real estate taken without notice of the conditional sale contract, since the vendor aided in clothing the mortgagor with apparent title.   p. 85.

5.  FIXTURES.—*Machinery installed as part of manufacturing plant becomes a fixture, including parts not physically attached but necessary to operation of plant.*—Where machinery is sold on a conditional sale contract to be installed as part of a manufacturing plant, and, being so installed, becomes a fixture, the rule that it is subject to a mortgage of the real estate taken without notice of the conditional sale contract is applicable to parts of the machinery not physically annexed but which are necessary to the operation of the machinery and equipment which are physically attached.   p. 85.

6.  MORTGAGES.—*Provision in decree of foreclosure giving plaintiff right to bid in property for amount of his judgment on condition that he pay costs of foreclosure and sale was not error.*—A provision in a decree foreclosing a mortgage giving the plaintiff the right to bid in the property for the amount of his judgment on condition that he pay the costs of the foreclosure and sale was not error, as the intent of the provision was that, in the event that the plaintiff was the highest bidder, the amount of his bid should be credited on his judgment instead of going through the formality of paying the money to the officer making the sale and the latter paying it back.   p. 86.

7.  MORTGAGES.—*Where receiver of mortgaged real estate had intervened in foreclosure proceeding, court might order sale by the receiver instead of by the sheriff.*—On the foreclosure of a mortgage on real estate which is in the hands of a receiver, who has filed an intervening petition and submitted himself to the jurisdiction of the court, the court may direct a sale by the receiver, in gross, without the right of redemption, as the statute requiring that only so much be sold as will satisfy the judgment, and allowing redemption (§§816, 832 Burns 1926, §§799, 811 Burns 1914), is restricted to sales on execution or decretal order.   p. 86.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by the Public Savings Insurance Company of America against the Hudson Baking Company and others. From a judgment for plaintiff, the defendants J. H. Day Company and the Peterson Oven Company appeal. *Affirmed.* By the court in banc.

*Harvey Harmon* and *S. L. Vandeveer,* for appellants.
*Bernard Korbly, John G. McNutt, Thomas Duncan* and *Prentiss Duncan,* for appellees.

NICHOLS, C. J.—Action by appellee Public Savings Insurance Company of America to recover a personal judgment against appellee Hudson Baking Company on a series of promissory notes, and to foreclose a mortgage given to secure the payment of said notes against appellants and other appellees. The property mortgaged to secure said notes consisted of two certain pieces of real estate including all machinery, fixtures, equipment and personal property of every kind and description which was at the time located and installed, or might thereafter be located and installed, in the buildings on the said mortgaged real estate. Appellants and other appellees, except the receiver, were made defendants to the complaint for the reason that "each claim to have a lien on said real estate, or on the machinery, fixtures, equipment and personal property covered by said mortgage, but plaintiff avers that each said lien of each said defendant above named is second and inferior to said mortgage of plaintiff, and said defendants above named are made parties hereto to answer as to their respective liens or claims on the said machinery, fixtures, equipment, and personal property covered by plaintiff's said mortgage."

Appellant Day company answered the complaint by general denial, and by a second paragraph of answer

in which it was averred that on January 3, 1923, the baking company received from appellant the articles of machinery and equipment described in said answer, and that the same were received by the baking company and installed in its plant located on said real estate under and pursuant to a conditional contract of sale of even date, by the terms of which the title and right of possession of said machinery and equipment should remain in appellant Day company until the same was fully paid for. The amount due appellant Day company was represented by promissory notes and there was due and unpaid thereon $7,450. That before and at the time of the execution of appellee insurance company's mortgage, it was informed and knew that the said machinery was the property of appellant, and that it was entitled to the possession of the same; and knew that the same was not included in the property mortgaged to appellee insurance company; that notwithstanding said facts, appellee insurance company is claiming some title right or interest in said machinery, and is claiming that said property is included in said mortgage which it is seeking to foreclose; that said machinery is of the value of $10,000, and that appellant Day company is the sole owner of the same and is entitled to the immediate possession thereof.

Appellant Peterson Oven Company answered in denial, and by a second paragraph of answer which contained averments as to the sale of machinery to the Hudson Baking Company, a conditional contract of sale, and knowledge of appellee insurance company of such conditional contract before the execution of the mortgage to it, all of which averments were similar in effect to those contained in the second paragraph of answer of appellant Day company. It was averred that there was due the oven company $6,900 and that the

ovens sold were of the value of $8,000. Appellee insurance company replied to each of said answers in general denial, and by a second paragraph of reply admitting the conditional contracts of sale, but averring that the object and purpose of the baking company was to do a general baking food products and feed business, and to buy and sell articles of merchandise incident thereto; that such baking company purchased the real estate involved and improved the building thereon so as to make it a baking plant, and engaged in the baking business therein, and, for that purpose, it purchased the machinery, ovens and equipment described in the conditional contracts, and installed the same in the building for the purpose of permanently equipping a modern bakery; that such machinery, ovens and equipment were installed in and attached to the building in a permanent manner, and became a part of the same before the execution of the notes and mortgage sued on, and that thereby they became a part of such building and real estate; that at the time of the application for the loan and the execution of the mortgage to appellee insurance company, the building was being used as a bakery, and it was not adapted to be used for any other purpose than for a bakery without making extensive alterations therein at great cost. The replies denied any knowledge or information that the machinery and equipment was the property of the respective appellants, and denied any knowledge of the conditional sale contracts, or that appellants were entitled to the possession of the machinery and equipment respectively furnished by them, or any knowledge that such machinery was not included in the property covered by the mortgage. A demurrer to each of these replies was overruled. Appellee also filed a third paragraph of reply to the answer of appellant oven company, in which it averred that the ovens so furnished by said oven company were

so installed and attached in the building that the dismantling and removal of the same from the building would materially damage and depreciate the value of the building, specifically setting up the manner in which the building would be damaged. Each of the appellants filed a cross-complaint containing substantially the averments of the second paragraph of answer, to each of which cross-complaints, appellee insurance company answered substantially the same as in its second paragraphs of reply to the second paragraphs of answers of appellants. A demurrer to each of these answers was overruled, and a trial by the court resulted in a finding, so far as here involved, for appellee insurance company and that there was due it on its mortgage debt $34,-523.57 and that the lien of its mortgage on the real estate involved, including the machinery, ovens and equipment was first and prior to all claims of appellants, that such ovens, machinery and equipment were fixtures and part of the real estate covered by the mortgage, and that appellee insurance company took the mortgage to secure its notes sued on without any notice or knowledge of the conditional sale contract.

Judgment was rendered in favor of appellee Public Savings Insurance Company in harmony with the finding, from which judgment, after appellants' motion to modify the judgments and their motions for a new trial were overruled, this appeal is prosecuted.

Appellants have attempted to present many questions on appeal which were not presented in the trial court, and which are not in harmony with the theory upon which the case was tried in the trial court, and, without specifically mentioning such questions so improperly presented, we give them no further attention.

Numerous questions are presented and discussed, but, as we see the case, the controlling questions are whether the property sold by appellants on conditional sales con-

tracts was sold for the purpose of being installed in the bakery plant on the real estate involved; whether it was so installed; whether appellee insurance company had knowledge of the conditional sale contract at the time the mortgage in suit was executed to it; and whether such property was so installed in the building as to become a part of the bakery plant, and of the real estate involved, and, as such, subject first to the lien of appellee's mortgage. These questions present the theory upon which the case was tried in the trial court, and when we have answered them, we have decided this appeal upon its merits.

That the machinery, ovens and equipment were sold by appellants to the baking company with the understanding that the same were to be installed as a 1, 2. part of the baking plant is admitted by each of the appellants in its second paragraph of answer, where it is averred that such property was received by the baking company and installed in the baking plant on the real estate involved *pursuant to the conditional contract of sale.* Further, the character of the property sold by each of the appellants indicates that it was sold for the purpose of being installed in the bakery plant, for it was such property as was suitable only for that purpose. By such installation, under such circumstances and with such purpose, the machinery, equipment and ovens became fixtures, and, as such, a part of the real estate involved, and subject to mortgage along with the real estate as a part thereof. As is said in *Ochs* v. *Tilton* (1914), 181 Ind. 81, 85, 103 N. E. 837: "A general rule, recognized by the weight of authority, is that the true test of a fixture requires the united application of the following requisites: (1) Annexation of the article, which may be either actual or constructive; (2) adaptation to the use of the realty, or part thereof, with which the article is connected; (3) the party annexing must

have intended thereby to make the article a permanent accession to the freehold."

The annexation in this case was actual; the property annexed was adapted to the use of the bakery plant which was a part of the real estate mortgaged. Appellants sold, and the bakery company purchased, the property involved that it might be installed in the bakery plant.

Appellants contend that the property conditionally sold to the baking company remained personal property, not only as between the vendor and the vendee but remained the personal property of the appellants as against the world, including appellee insurance company, and hence was not subject to appellee's real estate mortgage, but we do not understand this to be the law. It may be conceded that it is the law of this state that generally the title to property sold under conditional sale contract, remains in the vendor until the terms of the contract are complied with, and that this is the law, as between the vendor and vendee although such property has been annexed to the soil. But with this concession, it does not follow that appellants can recover as against appellee insurance company, where, as here, the property was sold to be installed in the bakery plant that was a part of the real estate, and where it was actually installed therein and used as a part thereof, unless appellee had notice of such conditional sale contracts, for appellants thereby aided in clothing the mortgagor with apparent title. *Binkley* v. *Forkner* (1889), 117 Ind. 176, 181, 19 N. E. 753, 3 L. R. A. 33; *U. S. Construction Co.* v. *Hamilton Nat. Bank* (1920), 73 Ind. App. 149, 126 N. E. 866; 26 C. J. 681. And this principle of law also applies to such parts of the property sold on conditional sale contracts as are not physically annexed to the real estate, but which are necessary to the operation of the machinery

and equipment which are physically attached. *White* v. *Cincinnati, etc., R. Co.* (1904), 34 Ind. App. 287, 294, 71 N. E. 276; *Hopewell Mills* v. *Taunton Savings Bank* (1889), 150 Mass. 519, 23 N. E. 327, 6 L. R. A. 249, 15 Am. St. 235; 1 R. C. L. 1085, 1086, 1087. Whether appellee had knowledge of the conditional sale contracts was a question of fact for the court which, on contradictory evidence, was found against appellants.

Appellants complain that the court erred in overruling their motion to modify the judgment by striking therefrom what appellants term to be a preferential provision in favor of appellee giving it the right to bid in the property for the amount of the judgment on condition that it pay the costs and fees thereafter fixed by the court; but there was no error committed by the court in this regard. Such provision was only in the event that appellee should offer the highest and best bid, in which event, the receiver was directed to credit the amount of appellee's bid, after deducting costs, on the amount of the judgment; in other words, the provision was for an exchange of receipts instead of requiring appellee to pay the amount of its bid to the receiver, and then receive it back, less costs, as payment on its judgment. This was simply in conformity with a legitimate practice that has always prevailed in Indiana on execution sales by sheriffs.

Appellants next contend that the judgment should have been modified for the reason that the court was without authority to order the sale of the real estate, including the said fixtures, by a receiver, or to direct its sale in gross. It appears by the record that Henry Tichenor had theretofore been appointed receiver of the baking company in another action, and that, before the order of sale, such receiver had filed an intervening petition setting up his appointment, and the fact that he was then in charge of the

property, and that it was for the best interests of the creditors that he file his intervening petition, and that he submit himself to the final order and direction of the court. The court's decree ordered and directed that the real estate be sold by the receiver in gross, and without right of redemption. The court had the power to order the sale upon the terms specified. Such a sale is a judicial sale, as contradistinguished from a statutory sale by the sheriff on execution or decretal order. In such judicial sales, the court is not limited in its orders to the statutory provisions as to sale of rents and profits, sales of part, and rights of redemption. In *Cressler* v. *Tri-State Loan, etc., Co.* (1914), 182 Ind. 572, 107 N. E. 68, the court, speaking of judicial sales, says: "* * * but both as to the question of requiring offer of the rents and profits before offer of the fee, and as to the question of redemption from such sales, such provisions are purely statutory, and our statute restricts both to sales on execution, §§796, 809 Burns 1914, §§753, 766 R. S. 1881, and have never been understood as extending to judicial sales."

There was no error in overruling appellants' motion to modify the judgment, and no reversible error is presented.

The judgment is affirmed.